MORRIS, APPELLEE, *v.* KAISER ENGINEERS, INC. ET AL.;
CLEVELAND ELECTRIC ILLUMINATING COMPANY, APPELLANT.

[Cite as Morris *v.* Kaiser Engineers, Inc. (1984), 14 Ohio St. 3d 45.]

(No. 84-271—Decided December 5, 1984.)

*Messrs. Zidar & Gallup, Mr. David B. Gallup* and *Ms. Mona B. Rubinstein,* for appellee.

*Messrs. Squire, Sanders & Dempsey, Mr. Thomas H. Barnard, Mr. Ronald J. James, Ms. Brenda J. Clark* and *Mr. Michael S. Goldstein,* for appellant.

WILLIAM B. BROWN, J. The first issue presented by this case is whether Morris is precluded from filing a complaint under R.C. 4112.05, when she has already initiated an action pursuant to R.C. 4101.17, in order

to comply with the mandatory prerequisite of the ADEA. Additionally, this court must determine the appropriate limitations period to be applied to R.C. 4101.17 age discrimination actions. For the reasons which follow, this court concludes that Morris is not precluded from filing her complaint with the Ohio Civil Rights Commission and that R.C. 2305.07 prescribes the correct statutory limitations period (six years) in actions arising under R.C. 4101.17.

It is firmly established that, in states having agencies empowered to remedy age discrimination in employment, a complainant must file a charge with the appropriate state agency before commencing an ADEA action. Section 633, Title 29, U.S. Code; *Oscar Mayer & Co.* v. *Evans* (1979), 441 U.S. 750. The state filing is a mandatory prerequisite to the ADEA action. *Id.* It is undisputed that Morris did not file her complaint with the Ohio Civil Rights Commission ("OCRC") before bringing the present suit. CEI now contends that this failure deprives the court of subject matter jurisdiction of Morris' ADEA claim. CEI further argues that, by commencing the present action pursuant to R.C. 4101.17, Morris is now barred from filing a charge with the OCRC.

Initially, it should be noted that Morris is not prevented from filing her claim with the OCRC by the six-month limitations period found in R.C. 4112.05(B). The United States Supreme Court laid that question to rest in *Oscar Mayer & Co., supra,* when it held that Section 14(b) of the ADEA requires only that state proceedings be commenced, and that those proceedings need not be commenced within time limits specified by state law.

The Ohio statutory scheme concerning discrimination is somewhat unusual. Three sections of the Revised Code provide remedies for age-based employment discrimination. R.C. 4101.17 is addressed solely to age discrimination and allows an aggrieved employee to institute a civil action in any court of competent jurisdiction. R.C. 4112.02 is a more inclusive anti-discrimination statute and also provides a private cause of action for age discrimination. Finally, R.C. 4112.05 allows an individual to enforce those rights created by R.C. 4112.02 administratively rather than judicially by filing a charge with the OCRC. Each of these avenues of relief provides that it is exclusive and, that once an action is instituted thereunder, a plaintiff is barred from bringing an action under either of the other two provisions. Thus, Ohio's statutory scheme requires an election from among these remedies.

CEI correctly points out that the language of R.C. 4101.17 is clear and unambiguous in its prohibition of a subsequent OCRC filing. However, this bar controls only state and not federal causes of action. The language of the ADEA is clear that, for purposes of commencing a state proceeding under the ADEA, *all* a plaintiff is required to do is present the state agency with a written and signed statement describing his claim of discrimination. Section 14(b) of the ADEA, Section 633 (b), Title 29, U.S. Code, provides:

"* * * If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority."

Additionally, while the *Oscar Mayer* decision dealt specifically with a state statute of limitations, the thrust of the opinion was broad enough to encompass the present issue. The United States Supreme Court stated that no other obligation is placed upon the ADEA grievant besides commencement. *Oscar Mayer & Co., supra,* at 759. Moreover, "* * * state procedural defaults cannot foreclose federal relief * * *." *Id.* at 762. "Congress did not intend to foreclose federal relief simply because state relief was also foreclosed." *Id.* at 761.

From this, it is clear that the goal of the court in *Oscar Mayer* was to preserve the ADEA action and protect it from failure on the basis of state law. Any other result would essentially prevent Ohio plaintiffs from joining claims under the ADEA with either of the judicial remedies provided by the Revised Code. *Krenning* v. *Darling & Co.* (S.D. Ohio 1983), 572 F. Supp. 923, 924. Therefore, this court holds that a claimant who has previously filed an age discrimination action under R.C. 4101.17 is not barred from filing a claim with the OCRC pursuant to R.C. 4112.05 in order to satisfy the mandatory prerequisite to an action under the ADEA.

CEI also contends that Morris' action under R.C. 4101.17 is time barred. Since that section does not specifically provide a limitations period CEI believes that the one-hundred-eighty-day period of R.C. 4112.02(N) or the six-month provision of R.C. 4112.05(B) is applicable. In CEI's view the General Assembly established a goal of speedy resolution of age discrimination complaints and the claims of all victims are subject to the same limitations period. When all three statutes are read *in pari materia,* CEI argues, the conclusion is inescapable that a six-month or one-hundred-eighty-day statute of limitations was intended for R.C. 4101.17. Since Morris was discharged on March 20, 1981, and did not file her R.C. 4101.17 complaint until June 18, 1982, some fifteen months later, that action is now time barred.

This argument possesses a superficial appeal, *i.e.,* that victims of different discriminations ought not be treated differently. However, how such victims are to be treated is for the legislature to choose and this court concludes that it has so chosen. R.C. 4101.17 contains no express time limitation. This does not mean that it must be construed *in pari materia* with R.C. 4112.02(N) and 4112.05(B). The *in pari materia* rule is to be applied only where the statute to be construed is ambiguous or the significance of its terms doubtful. *State* v. *Fremont Lodge of Loyal Order of Moose* (1949), 151 Ohio St. 19 [38 O.O. 506], paragraph nine of the

syllabus. R.C. 4101.17 is not ambiguous. There is thus no need to resort to an *in pari materia* construction.

R.C. 4101.17 is addressed exclusively to age discrimination and applies only to employers who discriminate in any job opening or discharge of an individual between the ages of forty and seventy without just cause. In contrast R.C. 4112.02 and 4112.05 are substantially broader anti-discrimination statutes, providing a much wider base of prohibited activities encompassing many more potential defendants. The latter two statutes prohibit unlawful discriminatory practices based not only upon age but also upon race, color, religion, sex, national origin, handicap or ancestry. They cover any matter directly or indirectly related to employment and include any employer, employment agency, labor organization, person seeking employment, etc. Moreover, each avenue provides that it is exclusive. See R.C. 4101.17, 4112.02(N) and 4112.08. It is thus clear that the intent of the General Assembly was to create separate and distinct avenues for the redress of alleged age discrimination wrongs.

R.C. 2305.07 provides:

"Except as provided in section 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

This section provides a clear statutory time limitation for bringing actions upon liabilities created by statute. R.C. 4101.17 creates such a liability. Had the legislature intended to further limit the recovery period of R.C. 4101.17, it would specifically have done so as it did with the two remaining avenues of age discrimination relief. Since the General Assembly expressed no such contrary intention this court holds that the statute of limitations applicable to an action for age discrimination in employment pursuant to R.C. 4101.17 is the six-year period contained in R.C. 2305.07.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.