COLINA, Appellant,

v.

McGRAW CONSTRUCTION COMPANY, INC., Appellee.

[Cite as *Colina v. McGraw Constr. Co.* (1990), 69 Ohio App.3d 422.]

Court of Appeals of Ohio,
Butler County.

CA90–02–029.

Decided Sept. 17, 1990.

*McIntosh, McIntosh & Knabe* and *Thomas A. Mack,* for appellant.

*Frost & Jacobs* and *Thomas A. Swope,* for appellee.

*Per Curiam.*

Plaintiff-appellant, Thomas Colina, appeals from a decision granting a motion for judgment on the pleadings and summary judgment in favor of defendant-appellee, McGraw Construction Company, Inc. ("McGraw"). The Butler County Court of Common Pleas determined that Colina failed to exhaust his administrative remedies when claiming age discrimination. Furthermore, the court held that Colina had not established a genuine issue of material fact as to whether he had a cause of action for the intentional infliction of emotional distress as a result of the alleged wrongful discharge.

The facts indicate that Colina was employed by McGraw on November 11, 1985 as a cost estimator. Colina was an at-will employee. On October 14, 1988, Colina was notified that he was being terminated from his employment for excessive absenteeism. At the time of his termination, Colina was forty-nine years of age.

After his termination, Colina obtained the services of counsel to represent him. Colina's counsel contacted the Ohio Civil Rights Commission ("OCRC") by phone and by letter concerning a possible claim of age discrimination. No actual charge, however, was ever filed by either Colina or his counsel with the OCRC or the Equal Employment Opportunity Commission ("EEOC"). On July 17, 1989, Colina filed a complaint in the Butler County Court of Common Pleas alleging age discrimination. Colina filed an amended complaint alleging that, as a result of his termination by McGraw, he suffered severe emotional distress.

The trial court granted McGraw's motion for judgment on the pleadings on Colina's claim of age discrimination. The court also granted McGraw's motion for summary judgment based upon its conclusion that Colina failed to present

a genuine issue of material fact for the claim of intentional infliction of emotional distress.

Colina has brought this timely appeal and assigns as error the following:

Assignment of Error No. 1:

"The trial court committed err[or] in its decision disallowing plaintiff's age discrimination claim for failure to exhaust administrative remedies."

Assignment of Error No. 2:

"The court erred in finding that the plaintiff/appellant did not have a cause of action sounding in tortious wrongful discharge in the intentional infliction of emotional distress as a result thereof."

We find these assignments of error are not well taken.

In his first assignment of error, Colina asserts that he was denied the right to pursue an action for age discrimination even though, through no fault of his, the administrative body charged with such investigation failed in its duty.

An age discrimination claim brought pursuant to the Federal Age Discrimination in Employment Act ("ADEA") is controlled by Section 621 *et seq.*, Title 29, U.S.Code. Under Section 633(b), Title 29, U.S.Code, it is a mandatory requirement that, in states having the power to remedy age discrimination claims, an aggrieved party must resort to the state's administrative remedies before bringing suit based on an ADEA claim. *Oscar Mayer & Co. v. Evans* (1979), 441 U.S. 750, 755–56, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609, 615–616; *Morris v. Kaiser Engineers, Inc.* (1984), 14 Ohio St.3d 45, 46, 14 OBR 440, 441, 471 N.E.2d 471, 472.

Moreover, pursuant to Section 626(d), Title 29, U.S.Code, an aggrieved party is required to file a charge with the Secretary of Labor alleging unlawful discrimination and no civil action based on that charge can be filed for sixty days. The normal period for filing an ADEA claim is one hundred eighty days after the alleged unlawful practice occurred. Section 626(d)(1), Title 29, U.S.Code. States such as Ohio, however, which have laws prohibiting age discrimination and an agency to remedy such discrimination, are authorized to extend the time period to three hundred days. Section 626(d)(2).

It is well settled in this jurisdiction that the three-hundred-day provision of Section 626(d) is a condition precedent to filing suit, but is not related to the subject matter jurisdiction of the court. *Wright v. Tennessee* (C.A.6, 1980), 628 F.2d 949, 953; *Chapman v. Detroit* (C.A.6, 1986), 808 F.2d 459, 462.

The sixty-day conciliation period, however, is a jurisdictional prerequisite. Therefore, failure to wait the full sixty days before filing an ADEA lawsuit will result in dismissal of the lawsuit. *Chapman, supra,* at 462; *Wright, supra,* at 953.

■ It is undisputed that Colina failed to follow the procedural requirements of Section 626(d). He never filed a charge with the EEOC within three hundred days of the alleged occurrence of the unlawful practice. Moreover, it follows that since Colina never filed a charge, he did not satisfy the sixty-day requirement. Thus, the trial court lacked jurisdiction over Colina's claim because of his failure to first file a charge with the EEOC or the OCRC. *McTighe v. Mechanics Educational Soc. of America* (C.A.6, 1985), 772 F.2d 210, 213–14.

Colina asserts that, even though he did not file a charge in a timely fashion, the age discrimination statute requiring the filing of notice within three hundred days should be tolled due to the failure of the OCRC to commence the investigation of Colina's claim. R.C. 4112.05(B), however, requires the commission to investigate matters regarding unlawful discrimination practices only when the charge is "in writing and under oath."

Colina argues that his telephone calls and his letter sent to the OCRC should be deemed sufficient to subject his case to equitable tolling. The United States Sixth Circuit Court of Appeals has held that the filing requirements in Section 626(d) of the ADEA are subject to equitable tolling.[1] *Wright, supra,* at 953. Colina's claim is unpersuasive. The record does not indicate Colina's desire or attempt to file a charge with the OCRC. Colina relies on *Oglesby v. Coca–Cola Bottling Co. of Chicago Wisconsin* (D.C.Ill. 1985), 620 F.Supp. 1336, in support of his claim that his telephone calls and letter met the intent of the statute. Colina's argument is misdirected. Unlike *Oglesby,* in which the EEOC had actual notice of complainant's age discrimination suit, there is nothing in the record to satisfy the requirement that the EEOC or OCRC was aware of Colina's intention to file a suit pertaining to age discrimination.

---

**1.** The factors to be considered on the issue of equitable tolling are contained in *Abbott v. Moore Business Forms, Inc.* (D.N.H.1977), 439 F.Supp. 643, 646. The suggested factors are the following:
  (1) lack of actual notice of the filing requirement;
  (2) lack of constructive knowledge;
  (3) diligence in pursuing one's rights;
  (4) absence of prejudice to defendant; and
  (5) plaintiff's reasonableness in remaining ignorant of the notice requirement.

■ The mere speaking or attempting to speak with the EEOC or OCRC does not constitute notice of a desire to file suit or justify a tolling of the time periods in which to file. See *Moon v. Aeronca, Inc.* (D.C.Conn.1982), 541 F.Supp. 747, 751–52.

Therefore, Colina's first assignment of error is overruled.

In his second assignment of error, Colina contends that McGraw's conduct caused him severe emotional distress. Colina, though, fails to present sufficient facts for a cause of action based on severe emotional distress. The Ohio Supreme Court sets forth the following standard for recognizing a tort of intentional infliction of emotional distress: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 374, 6 OBR 421, 426, 453 N.E.2d 666, 671, quoting Restatement of the Law 2d, Torts (1965) 71, Section 46(1); *Reamsnyder v. Jaskolski* (1984), 10 Ohio St.3d 150, 152, 10 OBR 485, 487, 462 N.E.2d 392, 393.

The court further notes that for conduct to be extreme and outrageous, the standard to be followed is found in comment *d* to Section 46 of the Restatement, at 73:

"It has not been enough that the defendant acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'outrageous.'" *Yeager, supra,* 6 Ohio St.3d at 374–375, 6 OBR at 426, 453 N.E.2d at 671; *Reamsnyder, supra,* 10 Ohio St.3d at 153, 10 OBR at 487, 462 N.E.2d at 394.

■ Colina has not met the above standard. There is nothing in the facts to lead one to conclude that McGraw's conduct in discharging Colina was extreme or outrageous. Colina's only basis for the suit was that he relied upon promises made by McGraw. There is nothing in the record, however, that would lead an average member of the community to infer that the bounds of decency have been exceeded.

Moreover, Colina failed to demonstrate that he suffered emotional distress. Colina argues that he "suffered great loss * * * because he relied upon [the] promises made by [McGraw]." Colina's complaint, however, does not address the issue of whether he suffered any serious emotional distress. Colina's contention that he "suffered great loss" fails to meet the Ohio Supreme Court's definition of serious emotional distress:

"[S]erious emotional distress describes emotional injury which is both severe and disabilitating. Thus serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." *Paugh v. Hanks* (1983), 6 Ohio St.3d 72, 78, 6 OBR 114, 119, 451 N.E.2d 759, 765.

Under Civ.R. 56, a defendant's motion for summary judgment can only be sustained when the movant demonstrates, based on the pleadings, affidavits, and other material on record, "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Civ.R. 56(C); *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47.

Therefore, based upon all of the foregoing and construing the evidence in a light most favorable to Colina, we find that there was no error on the part of the trial court in granting summary judgment to McGraw. Consequently, Colina's second assignment of error is overruled.

*Judgment affirmed.*

JONES, P.J., HENDRICKSON and WILLIAM W. YOUNG, JJ., concur.