JOURNAL ENTRY AND OPINION
Plaintiff-appellant Donna M. Leonardi ("appellant") appeals from the dismissal pursuant to Civ.R. 12(b) of her amended complaint in which she alleged defendants-appellees Lawrence Industries, Inc. and Larry Kopittke ("Lawrence") wrongfully discharged her from her employment due to age discrimination.
Appellant assigns the following errors for review:
I. The trial court erred in granting defendants' motion to dismiss amended complaint on the ground that plaintiff's first cause of action by intentional age discrimination in violation of section 4112.14 of the Ohio revised code was not timely filed. (Journal entry Vol. 2057, pg. 241).
II. The trial court erred in granting defendants' motion to dismiss amended complaint on the ground that plaintiff's second cause of action for wrongful discharge in violation of public policy was not timely filed. (Journal entry Vol. 2057, pg. 241).
III. The trial court erred in granting defendants' motion to dismiss amended complaint on the ground that plaintiff's third and fourth cause of action for intentional and negligent infliction of emotional distress were not timely filed.
Finding the first and second assignments of error to have merit, the judgment of the trial court is affirmed in part and reversed in part.
 I.
On April 5, 1996, appellant filed a complaint against Lawrence in which she alleged Lawrence intentionally discriminated against appellant when Lawrence terminated her employment with the company in violation of R.C.4112.14 or R.C. 4112.99. Appellant also brought causes of action for negligent and intentional infliction of emotional distress.
In her complaint, appellant averred she was employed as a grinding machine operator at Lawrence from September 25, 1989, until her discharge on April 14, 1995. Appellant maintained she performed her duties as a grinding machine operator competently, efficiently, and satisfactorily while employed by Lawrence. Appellant alleged Kopittke told her she had to retire because she was too old to continue working. Although appellant refused to retire, Kopittke stated appellant was considered retired effective immediately. Appellant averred that since her discharge, she had been severely depressed and emotionally and physically harmed, causing her to receive medical attention and be placed on medications.
On May 15, 1996, appellant filed an amended complaint in which she added a claim of wrongful discharge in violation of public Policy due to age discrimination. Lawrence responded to appellant's claims by filing a motion to dismiss. Lawrence argued appellant's suit was not filed in a timely manner. Lawrence maintained that under R.C. Chapter 4112, the statute of limitations was one-hundred-eighty days for a claim of age discrimination. As appellant's complaint was filed nearly one year after her discharge, Lawrence asserted her amended complaint should be dismissed as it was barred by the statute of limitations.
Appellant responded that her statutory claim of age discrimination was timely as the six-year statute of limitations of R.C. 2305.07 applied. Appellant argued her claim for wrongful discharge in violation of public policy was based on an exception to the employment-at-will doctrine and was not statutorily based. Appellant's two other claims were for negligent and intentional infliction of emotional distress and, therefore, the one-hundred-eighty day statute of limitations of R.C.4112.02(N) was inapplicable.
Lawrence responded to appellant's arguments by reiterating its contention that the one-hundred-eighty day statute of limitations of R.C. 4112.02(N) did govern appellant's first cause of action brought pursuant to R.C. 4112.14. Lawrence asserted appellant's claim for wrongful discharge in violation of public policy was in conflict with the statutory relief provided by R.C. Chapter 4112. Therefore, a common-law cause of action for age discrimination failed to state a claim for which relief could be granted. Lawrence asked the trial court to dismiss appellant's intentional emotional distress claim as appellant's complaint did not allege conduct by Lawrence which was extreme or outrageous as to be beyond all possible bounds of decency. Lawrence also pointed out that Ohio does not recognize a separate tort for the negligent infliction of emotional distress in an employment situation.
The trial court granted Lawrence's motion to dismiss. Appellant has appealed from that ruling.
 II.
In her first assignment of error, appellant contends the trial court erred by granting Lawrence's motion to dismiss appellant's cause of action for intentional age discrimination brought under R.C. 4112.14. In its motion to dismiss, Lawrence argued the claim was not brought within the statutory limit of one-hundred-eighty days. Appellant asserts this is not the correct statute of limitations to apply but that the six-year period of R.C. 2305.07 governs her cause of action for age discrimination in violation of R.C. 4112.14.
In order to grant a dismissal pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts entitling him to relief. O'Brien v. University Community Tenants Union (1975),42 Ohio St.2d 242, 245. All factual allegations stated in the complaint must be presumed to be true and all reasonable inferences in favor of the nonmoving party be made. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190. A plaintiff is not required to prove his case at the pleading stage. The trial court may not grant a motion to dismiss if there is a set of facts consistent with the complaint which would allow the plaintiff to recover. York v. Ohio State Highway Patrol (1991),60 Ohio St.3d 143, 145. In assessing a trial court's dismissal of a complaint, a reviewing court examines only the allegations of the complaint. Assuming those allegations to be true, the dismissal is affirmed only if no set of facts exists which would entitle the plaintiff to relief under the allegations of the complaint. Rogers v. TargotTelemarketing Services (1990), 70 Ohio App.3d 689.
Appellant brought her statutory claim of age discrimination under R.C.4112.14. This statute was formally R.C. 4101.17 which was recodified as part of Chapter 4112 of the Revised Code effective October 29, 1995. InMorris v. Kaiser Engineers, Inc. (1984), 14 Ohio St.3d 45, the court held that the applicable statute of limitations for the then R.C. 4101.17 was the six-year period contained in R.C. 2305.07. Id., syllabus. Appellant argues Morris still controls R.C. 4112.14 and she had six years within to file her complaint.
Lawrence relies on Bellian v. Bicron Corp. (1994), 69 Ohio St.3d 517, which held that any age discrimination claim which is premised on a violation described in R.C. Chapter 4112 must comply with the one-hundred-eighty day statute of limitations of R.C. 4112.02(N). InBellian, the plaintiff filed his claim under R.C. 4112.99 which provides that anyone violating this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief. At that time, the only provision of R.C. Chapter 4112 directly governing age discrimination claims was R.C. 4112.02(N) which provided for a one-hundred-eighty day statute of limitations for an age discrimination claim. Because this was the only provision in R.C. Chapter 4112 recognizing discrimination on the basis of age, the court reasoned the plaintiff had to be basing his claim on an age discrimination claim as identified in R.C. 4112.02.
Lawrence argues that, once R.C. 4101.17 became a part of R.C. Chapter 4112 as R.C. 4112.14, it was subject to the holding of Bellian. There is no statute of limitations set forth in R.C. 4112.14 and, therefore, according to Lawrence, any claims brought under that provision became subject to the more specific statute governing age discrimination, which is R.C. 4112.02(N). Lawrence contends the legislature must have intended this result when it recodified the provision as a part of R.C. Chapter 4112 as both statutes governing age discrimination claims under that R.C. Chapter would have the same statute of limitations.
R.C. 4112.02(A) declares it to be an unlawful discriminatory practice for an employer, because of the race, color, religion, sex, national origin, handicap, age, or ancestry of any person, to discharge that person without just cause, to refuse to hire, or to discriminate against that person in matters related to employment. R.C. 4112.02(N) provides that an individual discriminated against on the basis of age may institute a civil action within one-hundred-eighty days after the alleged unlawful discriminatory practice. Anyone filing under this provision is barred from instituting an action under R.C. 4112.14 or from filing a charge with the Ohio Civil Rights Commission. A plaintiff must choose which remedy to pursue as the remedies are exclusive. See Morris, supra.
As the remedies are exclusive, it seems unlikely the legislature intended for the same statute of limitations to apply to both R.C. 4112.14
and R.C. 4112.02(N) simply as a result of the recodification of one of the remedies. Support for this position is found in the subsequent action taken by the legislature with regard to R.C. 4112.14. Effective January 27, 1997, R.C. 4112.14 was changed to include a two-year statute of limitations. Clearly, the legislature did not intend for the two remedies for age discrimination claims now found in R.C. Chapter 4112 to have the same statute of limitations.
Appellant's claim arose before this new modification of R.C. 4112.14
yet after R.C. 4101.17 was recodified. Although the provision became a part of R.C. Chapter 4112, the holding of Morris permitting a six-year statute of limitations was applicable to appellant's claim. The trial court erred by dismissing appellant's cause of action for age discrimination brought pursuant to R.C. 4112.14 as being untimely.
Appellant's first assignment of error is well-taken.
 III.
Appellant's second assignment of error addresses whether her cause of action for wrongful discharge in violation of public policy was timely filed. Appellant asserts the applicable statute of limitations is the four-year time period provided for in R.C. 2305.09(D). Lawrence seeks to apply the one-hundred-eighty day statutory period of R.C. 4112.02(N).
In Painter v. Graley (1992), 84 Ohio App.3d 65, this court held that the four-year statute of limitations found in R.C. 2305.09(D) applied to actions for tortious wrongful discharge. Therefore, appellant had four years within which to file her claim against Lawrence for wrongful discharge in violation of public policy. Appellant's cause of action for this tort should not have been dismissed as being untimely filed.
The second issue raised in this assignment of error is whether Ohio recognizes a public policy exception to the employment-at-will doctrine for a claim of age discrimination. In Greeley v. Miami Valley MaintenanceContrs., Inc. (1990), 49 Ohio St.3d 228, the court carved out the public policy exception to the employment-at-will doctrine. That exception was limited to a discharge which was prohibited by statute. However, the exception was broadened in Painter v. Graley (1994), 70 Ohio St.3d 377, when a Greeley claim was held to include not only statutory enactments but also could be discerned from other sources such as the Ohio and United States Constitutions, administrative rules and regulations and the common law.
The latest pronouncement on the subject by the Supreme Court of Ohio is set forth in Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134. In Kulch, the court reaffirmed the analysis of these claims which was set forth in Painter, supra. That analysis is as follows:
1. That [a] clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element).
2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (thejeopardy element).
3. The plaintiff's dismissal was motivated by conduct related to the public policy (the causation element).
4. The employer lacked overriding legitimate business justification for the dismissal (the overriding justification element).
Id. p. 151, quoting H. Perritt, "The Future of Wrongful Dismissal Claims: Where Does Employer Self Interest Lie?" (1989), 58 U.Cin.L.Rev.397, 398-399. The clarity and jeopardy elements of the tort of wrongful discharge are questions of law while the elements of causation and overriding justification are questions of fact. Id. Claims brought pursuant to Greeley and the subsequent cases addressing this exception to the employment-at-will doctrine are intended to bolster the public policy of Ohio and to advance the rights of employees who are discharged or disciplined in contravention of clear public policy. Id. at 155. The Kulch court stated that the employment-at-will doctrine was judicially created and could be judicially abolished. The courts have the responsibility for determining whether a sufficient public policy exception exists which supports a common-law exception to the employment-at-will doctrine. Id. at 161.
Whether a claim for wrongful discharge based upon R.C. 4112.14 for age discrimination exists apparently has been decided in Livingston v.Hillside Rehab. Hosp. (1997), 79 Ohio St.3d 249, in which the Supreme Court reversed the Eleventh District Court of Appeals which had held that no public policy exception to a claim brought pursuant to R.C. 4101.17
(now R.C. 4112.14) existed as the statute provided a complete remedy to the plaintiff. The Supreme Court reversed without opinion on the authority of Kulch. Based on Livingston, appellant may maintain a claim for wrongful discharge for age discrimination in violation of public policy.
Appellant's second assignment of error has merit.
 IV.
In appellant's third assignment of error, she argues the trial court erred in dismissing her causes of action for intentional and negligent infliction of emotional distress because in its motion to dismiss, Lawrence only argued the claims were untimely. Appellant asserts the intentional and negligent infliction of emotional distress claims were governed by the four-year statute of limitations set forth in R.C.2305.09(D). Therefore, these causes of action were timely and should not have been dismissed.
Although in its Civ.R. 12(B) motion to dismiss, Lawrence did argue appellant's emotional distress claims were untimely, in its reply to appellant's brief in opposition to motion to dismiss. Lawrence argued appellant had failed to attribute actions to Lawrence which amounted to conduct sufficient to show an intentional infliction of emotional distress. Lawrence further argued that no cause of action for negligent infliction of emotional distress is recognized in the area of employment.
Although appellant's contention that these claims were filed within the statutory time limit is correct, Lawrence presented other arguments for the trial court's consideration on this issue. Appellant's assignment of error will be reviewed not on whether her causes of action for infliction of emotional distress were timely but on whether appellant's claims could withstand a motion to dismiss based on the allegations set forth in appellant's amended complaint.
In Tschantz v. Ferguson (1994), 97 Ohio App.3d 693, this court held that Ohio does not recognize a separate tort for negligent infliction of emotional distress in the employment context. A plaintiff can recover for the negligent infliction of emotional harm only by instituting a "traditional" claim for negligent infliction of emotional harm. A plaintiff must show that he or she was a bystander to an accident, reasonably appreciated the peril, and suffered serious and foreseeable emotional distress as a result of his or her cognizance or fear of the peril. Id. at 714. This position has been affirmed by the Supreme Court of Ohio in Kulch, supra, at 163. Appellant's amended complaint alleges no facts which would permit recovery for negligent infliction of emotional distress under Tschantz.
A claim for intentional infliction of emotional distress requires proof of the following elements: (1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff, (2) that the actor's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community, (3) that the actor's actions were the proximate cause of the plaintiff's psychic injury, and (4) that the mental anguish suffered by the plaintiff is serious and of a nature that no reasonable person could be expected to endure it. Ashcroftv. Mt. Sinai Medical Ctr. (1990), 68 Ohio App.3d 359. Serious emotional distress requires an emotional injury which is both severe and debilitating. Paugh v. Hanks (1983), 6 Ohio St.3d 72.
Yeager v. Local Union 20 (1983), 6 Ohio St.3d 369, relied on the description of extreme and outrageous conduct found in Restatement of the Law 2d, Torts (1965) 71, Section 46, which stated:
* * * It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by `malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!'
The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where someone's feelings are hurt. There must still be freedom to express an unflattering opinion, and some safety valve must be left through which irascible tempers may blow off relatively harmless steam.
Id., at 374-375.
In her amended complaint, appellant alleged Kopittke told appellant she must retire because she was too old to continue working. When appellant refused, Kopittke stated appellant was considered to be retired immediately. There is nothing in this description of events which reflects behavior or conduct by Lawrence which was so extreme as to go beyond all possible bounds of decency or which would be considered as utterly intolerable in a civilized community. Even when viewing appellant's allegations in the light most favorable to her, the conduct is not such that the average member of the community would regard the events as outrageous.
Appellant's third assignment of error lacks merit.
Judgment affirmed in part and reversed in part and remanded.
It is ordered that appellees recover of appellant one-half of its costs herein taxed.
It is ordered that appellant recover of appellees one-half of her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate procedure.
James D. Sweeney, Chief Justice.
Patricia Blackmon, Judge.
Leo M. Spellacy, Judge.