[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION.
Plaintiff-appellant Frank Lehmann filed the within complaint against his employer, defendant-appellee AAA Cincinnati (AAA), asserting claims for age discrimination, breach of the covenant of good faith and fair dealing in employment, breach of contract and promissory estoppel. The trial court dismissed Lehmann's claim for breach of the covenant of good faith and fair dealing in employment. AAA filed a motion for summary judgment as to Lehmann's remaining claims, which the trial court granted. Lehmann has appealed.
Lehmann's first assignment of error alleges that the trial court erred in granting AAA's motion for summary judgment on his claim for age discrimination brought pursuant to R.C. 4112.14. The trial court held that the limitations period applicable to Lehmann's R.C. 4112.14 age-discrimination claim was one hundred eighty days. Lehmann was notified of the termination of his employment on October 17, 1994. His termination was effective October 31, 1994. His claim for age discrimination under R.C.4112.14 was filed on June 20, 1996, more than one hundred eighty days after the termination of his employment. Therefore, the trial court held, Lehmann's R.C. 4112.14 age-discrimination claim was time-barred. Lehmann argues that the proper limitations period is six years, and that, therefore, his R.C. 4112.14 claim for age discrimination was timely filed.
In Leonardi v. Lawrence Industries, Inc. (Sept. 4, 1997), Cuyahoga App. No. 72313, unreported, appeal not allowed (1998),81 Ohio St.3d 1420, 688 N.E.2d 1046, Leonardi filed, inter alia, a claim against her employer for age discrimination in violation of R.C. 4112.14. The Eighth District Court of Appeals held that Leonardi had six years within which to file her claim, stating:
 Appellant brought her statutory claim of age discrimination under R.C. 4112.14. This statute was formerly R.C. 4101.17, which was recodified as part of Chapter 4112 of the Revised Code effective October 29, 1995. In Morris v. Kaiser Engineers, Inc. (1984), 14 Ohio St.3d 45, 471 N.E.2d 471, the court held that the applicable statute of limitations for the then R.C. 4101.17 was the six-year period contained in R.C. 2305.07. Id., syllabus.
 The Leonardi court noted that effective January 27, 1997, R.C. 4112.14 was modified to include a two-year statute of limitations. The Leonardi court held that:
 Appellant's claim arose before this new modification of R.C. 4112.14 yet after R.C. 4101.17
was recodified. Although the provision became a part of R.C. Chapter 4112, the holding of Morris permitting a six-year statute of limitations was applicable to appellant's claim.
 Lehmann's age-discrimination claim arose after R.C. 4101.17 was recodified as R.C. 4112.14, but prior to January 27, 1997, when the two-year statute of limitations became effective. We agree with the Leonardi court that the Ohio Supreme Court's decision in Morris v. Kaiser Engineers, Inc., supra, holding that the limitations period applicable to former R.C. 4101.17, which was recodified as R.C. 4112.14, was six years, and is controlling. Lehmann filed his R.C. 4112.14 age-discrimination claim within six years of his termination. Therefore, the trial court erred in granting AAA's motion for summary judgment on the basis that Lehmann's claim was time-barred.
We reject AAA's contention that Bellian v. Bicron Corp. (1994),69 Ohio St.3d 517, 634 N.E.2d 608, is the controlling authority, because Bellian was decided prior to the recodification of R.C.4101.17 as R.C. 4112.14, and is, therefore, inapplicable to the instant case. See Leonardi v. Lawrence Industries, Inc., supra.
The first assignment of error is sustained solely for the reason that the trial court erred in holding that Lehmann's R.C. 4112.14
age-discrimination claim was not timely filed. The trial court did not address the merits of Lehmann's age-discrimination claim, and we do not do so. The case must be remanded so that the trial court can consider the merits of Lehmann's age-discrimination claim in the first instance.
The second assignment of error alleges that the trial court erred in granting AAA's motion for summary judgment on his public-policy tort claim. The trial court held that because Lehmann did not file his R.C. 4112.14 age-discrimination claim within time, his claim for wrongful discharge in violation of public policy was barred. We have held under the first assignment of error that Lehmann's R.C. 4112.14 age-discrimination claim was timely filed. Therefore, the trial court erred in holding that Lehmann's public-policy tort claim was barred because his age-discrimination claim was not timely filed. The second assignment of error is sustained.
Lehmann's third assignment of error alleges that the trial court erred in granting AAA's motion for summary judgment on his claims for breach of employment contract and promissory estoppel.
In order to grant summary judgment, the trial court must make the following determinations: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and with such evidence viewed most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267, 274.
On September 28, 1994, Lehmann received his 1994 performance appraisal. In the appraisal, Lehmann's superior, Marilyn Hampton, stated, "I will re-evaluate your performance in three months (12-31-94) to determine your employment status." Lehmann was notified on October 17, 1994, that his job had been consolidated with another position and that someone else had been chosen to fill the new position. Lehmann argues that Hampton's statement in the performance review constituted a promise of continued employment until at least December 31, 1994.
In order to establish a contract of employment, the plaintiff must show a "meeting of the minds" that the employment was other than at will. See Hill v. The Christ Hospital (Nov. 20, 1998), Hamilton App. No. C-970560, unreported; Root v. PCC Airfoils,Inc. (Oct. 1, 1998), Cuyahoga App. Nos. 73149, 73150, 73151, 73402, 73403 and 73404, unreported.
In Walker v. The Procter Gamble Co. (Oct. 2, 1996), Hamilton App. No. C-950188, unreported, we stated:
 Generally items such as employer handbooks, company policy or oral representations do not create employee rights which alter the at-will nature of employment unless the parties have a "meeting of the minds" indicating that such items are to be considered valid contracts altering the terms for discharge.
 What is essential to a contract of employment is mutual assent by the employer and the employee to establish employment-termination rights. Id.; Tohline v. Central Trust Co., N.A.
(1988), 48 Ohio App.3d 280, 549 N.E.2d 1223.
In Shepard v. The Limited, Inc. (June 8, 1993), Franklin App. No. 92AP-1440, unreported, the Tenth District Court of Appeals held that a performance review which required that an employee meet certain goals and objectives pursuant to a one-hundred-twenty-day action plan did not create a contract which altered the at-will nature of the employment. Similarly, an action plan containing "specific steps" which an employee and her manager were going to take during the "upcoming year" to support the employee's growth and development did not modify the at-will nature of the employment. Walker v. The Procter Gamble Co.,supra.
We hold that the record shows that no contractual intent existed between the parties to modify Lehmann's at-will employment. Nothing was presented to show that the statement that Lehmann would be re-evaluated in three months was the manifestation of an intent by the parties to bind each other to a contract. The statement was in the nature of a warning to Lehmann about his performance. There was nothing in the statement which altered the at-will nature of Lehmann's employment.
Lehmann also argues that the trial court erred in granting summary judgment on his claim for promissory estoppel because genuine issues of material fact existed with regard to whether Hampton's statement created a reasonable expectation of continued employment upon which Lehmann relied to his detriment.
 Under the theory of promissory estoppel, an employer may be prevented from terminating an employee if the employer has made promises upon which an employee has reasonably relied. Walker v. The Procter Gamble Co., supra. The test is "whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee." Mers v. Dispatch Printing Co. (1985), 19 Ohio St.3d 100, 483 N.E.2d 150, paragraph three of the syllabus. For a representation to support a promissory-estoppel exception to employment at will, the statement must be a "specific promise of continued employment." Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095; Helmick v. Cincinnati Word Processing, Inc. (1989), 45 Ohio St.3d 131, 543 N.E.2d 1212; Trader v. People Working Cooperatively, Inc.
(1994), 104 Ohio App.3d 690, 663 N.E.2d 335. In order to apply the doctrine of promissory estoppel, it is essential that the employee show some harm in relying on the employer's representations. Pulver v. Rookwood Highland Tower Investments
(Mar. 26, 1997), Hamilton App. Nos. C-950361 and C-950492, unreported.
Hill v. The Christ Hospital, supra.
In order to support his claim for promissory estoppel, Lehmann relies on the same statement made by Hampton that formed the basis of his breach-of-contract claim. We hold that the record contains no evidence of any promise of continued employment by AAA upon which Lehmann could have reasonably been expected to rely. Further, there is no evidence that Lehmann refrained from seeking other employment or otherwise relied to his detriment on any promise of employment. The third assignment of error is overruled.
Lehmann's fourth assignment of error alleges that the trial court erred in granting AAA's motion to dismiss his claim for breach of the covenant of good faith and fair dealing. The fourth assignment of error is overruled because Ohio does not recognize a cause of action for breach of the covenant of good faith and fair dealing in the employment relationship. Mers v. Dispatch PrintingCo., supra; Sheets v. Rockwell International Corp. (1990),68 Ohio App.3d 345, 588 N.E.2d 271; Pyle v. Ledex
(1988), 49 Ohio App.3d 139, 551 N.E.2d 205;Contreras v. Ferro Corp. (Oct. 28, 1993), Cuyahoga App. Nos. 64394, 64424 and 64883, unreported, affirmed (1995), 73 Ohio St.3d 244,652 N.E.2d 940; Curak v. Cleveland ClinicFoundation (Dec. 22, 1988), Cuyahoga App. No. 54822, unreported.
We do not address Lehmann's fifth assignment of error, which alleges that the trial court erred in failing to designate the instant case as a "mixed motives" case, because the issue it raises is not yet ripe for appellate review. The trial court did not address the "mixed motives" designation because it held that the age-discrimination claim was time-barred. Because we have determined that Lehmann's age-discrimination claim was not time-barred, the trial court must address the merits of the age-discrimination claim, including the request for "mixed motives" designation, upon remand.
The portion of the trial court's judgment dismissing Lehmann's claim for breach of the covenant of good faith and fair dealing, and granting summary judgment in favor of AAA on Lehmann's claims for breach of an employment contract and for promissory estoppel, is affirmed. The portion of the trial court's judgment granting summary judgment in favor of AAA on Lehmann's claims for age discrimination pursuant to R.C. 4112.14
and wrongful discharge in violation of public policy is reversed, and the cause is remanded for further proceedings consistent with law and this decision.
Judgment affirmed in part and reversed in part, and causeremanded.
 Hildebrandt and Shannon, JJ., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Opinion.