**Mary Ellen WEDDING, Plaintiff**

v.

**The UNIVERSITY OF TOLEDO, Defendant.**

No. 3:93CV7707.

United States District Court,
N.D. Ohio,
Western Division.

June 13, 1994.

Bruce Comly French, Lima, OH, for plaintiff.

Susan B. Nelson, Spengler & Nathanson, Toledo, OH, for defendant.

### MEMORANDUM AND ORDER

JOHN W. POTTER, Senior District Judge:

This action is before the Court on defendant's motion to dismiss, plaintiff's opposition, and defendant's reply. This is an employment discrimination case in which plaintiff advances claims under Title VII of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, and the Equal Pay Act of 1963. In addition, plaintiff alleges age discrimination in violation of Ohio Rev.Code § 4101.17 and the common law torts of deceit and intentional infliction of emotional distress.

Defendant has moved to dismiss plaintiff's claims arising under Title IX (Count III), Ohio Rev.Code § 4101.17 (Count IV), and the common law deceit claim (Count V) pursuant to Fed.R.Civ.P. 12(b)(6).

In *Allard v. Weitzman*, 991 F.2d 1236 (6th Cir.1993), the Sixth Circuit sets forth the standard for considering a Rule 12(b)(6) motion:

[The] Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.), *cert. denied*, 498 U.S. 867, 111 S.Ct. 182, 112 L.Ed.2d 145 (1990). A complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir.1990) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d

80 (1957)). A judge may not grant a Fed. R.Civ.P. 12(b)(6) motion to dismiss based on a disbelief of a complaint's factual allegations. *Id.* While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988). "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Id.* (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984), *cert. denied*, 470 U.S. 1054 [105 S.Ct. 1758, 84 L.Ed.2d 821] (1985)).

Plaintiff's complaint alleges, inter alia, that defendant discriminated against her on the basis of sex in violation of both Title VII and Title IX. She seeks to recover back pay, accrued benefits, and compensatory damages for violation of Title VII; "additional damages" for violation of Title IX; and punitive damages for "violation of federal law."

The first issue raised by defendant's motion is whether an individual alleging employment-related discrimination may proceed with a private cause of action under Title IX or, as defendant argues, whether Title IX is preempted by Title VII as to plaintiff's sex discrimination claim. Plaintiff has cited no case, and this Court has found none, in which an individual was permitted to litigate an employment-related discrimination claim under Title IX. Rather, plaintiff relies on *North Haven Board of Education v. Bell*, 456 U.S. 512, 102 S.Ct. 1912, 72 L.Ed.2d 299 (1982), and *Cannon v. University of Chicago*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979), in contending that a private cause of action exists in the employment context. This Court does not, however, find these cases dispositive of the matter.

In *Cannon*, the Supreme Court found that a private remedy was available under Title IX for a student who had been denied admission to a medical school because of her sex. *Cannon*, 441 U.S. at 677, 99 S.Ct. at 1946.[1] The Court stated that Title IX sought to

---

1. The Supreme Court has also determined that a student's private right of action under Title IX supports a claim for monetary damages. *See*

*Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992).

accomplish two objectives. "First, Congress wanted to avoid the use of federal resources to support discriminatory practices; second, it wanted to provide individual citizens effective protection against those practices." *Id.* at 704, 99 S.Ct. at 1961.

Although the first purpose may be served by the statutory procedure for the termination of federal financial support, *see* 20 U.S.C. § 1682, the Court determined that that remedy may not provide effective protection for an individual. *Id.* at 704–705, 99 S.Ct. at 1961–62. Unlike the plaintiff in this case, the student in *Cannon* had no alternative remedy to adequately protect her against discriminatory practices. Thus, the court found that Congress intended a private right of action for the student.

A later Supreme Court case dealt with the issue of whether the Department of Health, Education, and Welfare had authority to regulate a school's employment practices pursuant to the Title IX enforcement provisions. *See Bell,* 456 U.S. at 540, 102 S.Ct. at 1927–28. The Court found that Title IX did protect, not only students, but also employees under an educational program receiving federal financial assistance.[2] *Id.* at 535–536, 102 S.Ct. at 1925–26.

It appears clear to this Court that the *Bell* holding is necessary in order to avoid the use of federal resources to support discriminatory practices in educational programs. However, even when read in conjunction with *Cannon,* it does not necessarily follow, as plaintiff argues, that a private cause of action must also exist for employees. Thus, this Court must determine whether Congress intended to make a private remedy available to an individual employee under Title IX.

The Court notes that the substantive standards established by Title VII and Title IX are very similar. Under Title VII, it is unlawful for an employer "to fail or refuse to hire ... any individual, or otherwise to discriminate against any individual ... because of such individual's ... sex...." 42 U.S.C. § 2000e–2(a)(1). Title IX provides that "[n]o

person ... shall, on the basis of sex, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance...." 20 U.S.C. § 1681(a). Thus, both prohibit discrimination based on sex.

■ However, Title VII provides a comprehensive scheme for an aggrieved individual to enforce the prohibition of employment discrimination. Although a private right of action is an essential means of obtaining judicial enforcement of Title VII, the Supreme Court explained that "cooperation and voluntary compliance" were selected by Congress as the preferred means for eliminating discriminatory practices in the employment setting. *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 44, 94 S.Ct. 1011, 1017–18, 39 L.Ed.2d 147 (1974). The Court further explained:

> To this end, Congress created the Equal Employment Opportunity Commission and established a procedure whereby existing state and local employment opportunity agencies, as well as the Commission, would have an opportunity to settle disputes through conference, conciliation, and persuasion before the aggrieved party was permitted to file a lawsuit.

*Id.* In addition, the time limitations for administrative and judicial-filing are controlled by express provisions of the statute. *Id.*

Thus, if an employee could maintain an implied private right of action under Title IX, the very comprehensive, detailed, and express provisions of Title VII could be completely avoided. *See Storey v. Board of Regents,* 604 F.Supp. 1200, 1205 (W.D.Wis. 1985). This Court is not persuaded that Congress intended such a result.

■ The legislative history of Title VII provides further indicia of Congressional intent that Title VII preempts a cause of action under Title IX. The House Report on the 1972 Amendments, which established the applicability of Title VII to state and local government employees, states that "the bill

---

**2.** The *Bell* Court notes, however, that the Title IX regulations are program-specific, and HEW's authority is subject to such limitations. *Bell,* 456 U.S. at 538, 102 S.Ct. at 1926–27. Thus, HEW could only terminate funds to particular programs that were found to have violated Title IX. *Id.* at 539, 102 S.Ct. at 1927.

... does not affect *existing* rights that such individuals have already been granted by *previous* legislation." H.R.Rep. No. 92–238, reprinted in 1972 U.S.Code Cong. & Adm. News 2137, 2154 (emphasis added). The Sixth Circuit has stated that "the committee referred to the right to sue ... for violation of statutes which protected such employees *before* the enactment of the 1972 amendments." *Day v. Wayne County Bd. of Auditors,* 749 F.2d 1199, 1204 (6th Cir.1984) (emphasis added); *see Storey,* 604 F.Supp. at 1201. Because Title VII pre-dates Title IX, this Court presumes Title VII preempts Title IX when employment discrimination is at issue. *See Id.* As such, defendant's motion to dismiss Count III of plaintiff's complaint is granted.

Defendant also moves to dismiss plaintiff's age discrimination claim pursuant to Ohio Rev.Code § 4101.17. The Ohio statute provides as follows:

> No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.

Ohio Rev.Code § 4101.17.

■ According to the plain language of the statute, it is addressed exclusively to age discrimination and applies only to employers who discriminate in any job opening or who discharge an individual over the age of forty without just cause. *See Morris v. Kaiser Engineers, Inc.,* 14 Ohio St.3d 45, 48, 471 N.E.2d 471 (1984). Both plaintiff and defendant agree with the strict interpretation of the statute.

■ Plaintiff's complaint does not allege wrongful termination of her employment. Although the complaint alleges that "male and younger faculty members are believed to have been given special pay increases" while plaintiff was denied a pay increase, there is no allegation of any job opening or promotion for which plaintiff applied and was denied due to her age. While plaintiff may have a claim based upon other statutes, she does not have an age discrimination claim pursuant to § 4101.17.

■ Finally, defendant argues that plaintiff's common law deceit claim must be dismissed for failure to plead with the particularity required by Fed.R.Civ.P. 9(b). Under Ohio law, the terms "fraud" and "deceit" are synonymous. *See Shinkle, Wilson and Kreis Co. v. Birney & Seymour,* 68 Ohio St. 328, 67 N.E. 715 (1903). Rule 9(b) requires that fraud be pleaded with particularity. To satisfy this requirement, "a plaintiff must at minimum allege the time, place and contents of the misrepresentation(s) upon which he relied." *Bender v. Southland Corp.,* 749 F.2d 1205, 1216 (6th Cir.1984).

■ Plaintiff merely alleges that she was unable to discover a pay differential because of defendant's "guile and deceit in failing to disclose this information." Complaint 15. Such allegations do not rise to the level of particularity mandated by Rule 9(b).

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that defendant's motion to dismiss be, and hereby is, GRANTED in part; and it is

FURTHER ORDERED that plaintiff be, and hereby is, granted fifteen days from the date of this order to amend the complaint as it relates to a claim of common law deceit.