**Cindy GIBSON, Plaintiff,**

v.

**Micke C. HICKMAN, et al., Defendants.**

**No. 5:97–CV–82–3 (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

April 27, 1998.

Dana Prophett Johnson, Macon, GA, for Cindy Gibson, Plaintiff.

Wallace Warren Plowden, Jr., William T. Prescott, Macon, GA, for Defendants.

## ORDER

OWENS, District Judge.

Plaintiff filed a "shotgun" complaint alleging sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq., 42 U.S.C. § 1983, and the laws of the state of Georgia. The court declined to exercise supplemental jurisdiction over the state law claims. Plaintiff subsequently filed an amended complaint apparently adding claims against each of the board members of the Monroe County School District. Before the court is the defendants' Rule 12(b)(6) motion to dismiss several of the claims for failure to state a claim upon which relief can be granted. Having carefully considered the arguments of counsel and the relevant case law, the court issues the following order.

### I. Title VII Claims

First, defendants Mike Hickman and Charles Dumas have moved the court to dismiss the Title VII claims brought against them because they are not subject to suit under Title VII in either their individual or official capacities. The Eleventh Circuit has unequivocally stated that "Individual capacity suits under Title VII are [] inappropriate." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991). Moreover, Title VII claims are an attempt to recover against the employer, and can be brought either by naming the employer directly or by naming the supervisory employees as agents of the employer. *Id.* Here, because plaintiff has sued the Monroe County School District directly, her Title VII claims against Hickman and Du-

mas, the supervisory employees, add nothing to plaintiff's case.

Plaintiff argues that Hickman and Dumas are themselves "employers" under Title VII, and thus are subject to suit under that statute in addition to the Title VII claim against the school district. Title VII defines an "employer" to be the employing entity "and any agent of such person." 42 U.S.C. § 2000e(b). Some circuits have indeed held that an employee/agent can be held individually liable under this definition. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir.1995) (listing courts that have held supervisory employees individually liable under Title VII). This circuit, however, is among those that have interpreted this definition to be merely an expression of respondeat superior liability. That is, under Title VII, discriminatory personnel actions taken by an employer's agent only create liability for the employer-entity, and not for the agents themselves. *Busby*, 931 F.2d at 772; *accord Williams v. Banning*, 72 F.3d 552, 555 (7th Cir.1995). Thus, Hickman and Dumas, as agents of the employing-entity school district, cannot be held liable under Title VII, and plaintiff's Title VII claims against defendants Hickman and Dumas in both their individual and official capacities are **DISMISSED**. In addition, to the extent that plaintiff intended to file Title VII claims against the members of the school board individually or in their official capacities, those claims are also **DISMISSED** for the same reason.

### II. Section 1963 Claims

Second, defendants Hickman and Dumas similarly argue that plaintiff's § 1983 claims against them in their official capacities should be dismissed because plaintiff has sued the school district, and therefore her § 1983 claims against them in their official capacities are redundant. The *Busby* court also addressed this issue, and held that § 1983 claims against city officials in their official capacity when the city remains as a defendant are redundant and would only confuse the jury. *Busby*, 931 F.2d at 777; *see also Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985) (holding that official capacity suits

represent only another way of pleading an action against an entity of which an officer is an agent). This court agrees, and finds that the § 1983 claims against Hickman and Dumas in their official capacities are indistinguishable from the § 1983 claim against the Monroe County School District. Accordingly, plaintiff's § 1983 claims against Hickman, Dumas, and members of the school board in their official capacities are also **DISMISSED**.

### III. Title IX Claim

Finally, defendants argue that plaintiff's Title IX claim is inappropriate because Title VII is the exclusive remedy for individuals alleging employment discrimination on the basis of sex in federally funded educational institutions. The Eleventh Circuit has stated in dicta that Title VII jurisprudence is not generally applicable to Title IX, and has repeatedly held that Title IX more closely resembles Title VI as both were enacted pursuant to Congress' spending power rather than the commerce power that forms the basis for Title VII. *See Floyd v. Waiters,* 133 F.3d 786, 789–90 and n. 5 (11th Cir.1998) (citing *Franklin v. Gwinnett County Public Schools,* 911 F.2d 617, 622 (11th Cir.1990)). Nevertheless, to the court's knowledge, this circuit has never directly addressed the issue of whether sexual discrimination claims arising out of an employment setting that could be brought under Title VII can also be brought under Title IX. On the contrary, the Eleventh Circuit's most extended discussion of the relation between Title VII and Title IX, which went to great lengths to distinguish between the two statutes in cases of teacher-student or student-student sexual harassment, can be read as supporting the use of Title VII principles in dealing with all discrimination cases arising out of an employer-employee relationship. *See Davis v. Monroe County Bd. of Educ.,* 120 F.3d 1390, 1399–1400 n. 13 (11th Cir.1997) (noting that "Agency principles [upon which Title VII liability is based] are useless in discussing liability for *student-student* harassment under Title IX, because students are not agents of the school board.... Therefore, even if employers owe to employees some sort of nondelegable duty to eliminate peer harassment in the workplace, ..., schools owe to students no comparable duty." (emphasis added)). At any rate, defendants' argument of Title VII preemption of sexual discrimination claims arising out of the employment setting has never been foreclosed in this circuit.

In support of their Title VII preemption argument, defendants cite the Fifth Circuit opinion of *Lakoski v. James,* 66 F.3d 751, 753 (5th Cir.1995). *Lakoski* involved a female teacher who sued a state university medical branch alleging sex discrimination after being denied tenure. The plaintiff in *Lakoski* sued under Title IX directly and under § 1983 based on Title IX. In rejecting both claims, the court found that "Congress intended Title VII to exclude a damage remedy under Title IX for individuals alleging employment discrimination." *Lakoski,* 66 F.3d at 755. The court based its decision in large part on an unwillingness to allow plaintiffs to circumvent the "precisely drawn, detailed enforcement structure" of Title VII by simply filing suit under § 1983 or Title IX, when the underlying facts make suit under Title VII available. *Id.* at 755 (quoting *Polson v. Davis,* 895 F.2d 705, 710 (10th Cir.1990)). The court then held that the legislative history, administrative regulations, and case law from other jurisdictions addressing the issue all supported its conclusion: "Given this compelling evidence that Title IX prohibits the same employment practices proscribed by Title VII, we hold that individuals seeking money damages for employment discrimination on the basis of sex in federally funded educational institutions may not assert Title IX either directly or derivatively through § 1983." *Lakoski,* 66 F.3d at 758.[1]

Since *Lakoski,* several courts have reached the same conclusion. *See, e.g., Glickstein v.*

---

1. The Fifth Circuit subsequently differentiated the *Lakoski* decision, which involved a claim of employment discrimination made under Title IX, from cases involving a claim of retaliation for the employee's having opposed the educational institution's failure to comply with the substantive provisions of Title IX. *Lowrey v. Texas A & M University System,* 117 F.3d 242, 248–49 (5th Cir.1997). In so doing, the court reaffirmed the *Lakoski* analysis as the settled law of that circuit. *Id.* at 247.

*Neshaminy School Dist.,* 1997 WL 660636 at * 15 (E.D.Pa., Oct.22, 1997); *Cooper v. Gustavus Adolphus College,* 957 F.Supp. 191, 192–94 (D.Minn.1997); *Howard v. Board of Educ. Sycamore Community Unit,* 893 F.Supp. 808, 814–15 (N.D.Ill.1995); *Wedding v. Univ. of Toledo,* 862 F.Supp. 201, 202–04 (N.D.Ohio 1994); *see also Waid v. Merrill Area Public Schools,* 91 F.3d 857, 862–63 (7th Cir.1996) (holding that Title VII preempted those of plaintiff's Title IX claims for which Title VII provided relief). These courts have all held that since Title VII provides a "carefully balanced remedial mechanism for redressing employment discrimination, and since Title IX does not clearly imply a private cause of action for damages for employment discrimination, none should be created by the courts." *Cooper,* 957 F.Supp. at 193 (citing *Lakoski,* 66 F.3d at 754). *But see Henschke v. New York Hospital—Cornell Medical Ctr.,* 821 F.Supp. 166 (S.D.N.Y.1993) (inferring from three separate decisions that Title IX implies a private right of action). It is worth noting that the only circuit courts to address Title VII preemption have further refined the analysis by holding that Title VII does not preempt all Title IX claims of employment discrimination, but only those claims that seek relief available under Title VII (i.e. claims for money damages would be preempted while claims for injunctive relief related to federal funding, as not provided for by Title VII, would not). *Glickstein,* at * 15 (citing *Waid,* 91 F.3d at 862; *Lakoski,* 66 F.3d at 753).

This court agrees with those courts finding that Title VII preempts employment discrimination claims for money damages brought under Title IX. To hold otherwise would eviscerate Title VII's technical and administrative requirements, thereby giving plaintiffs who work at federally funded educational institutions unfettered ability to bring what are in reality Title VII sexual discrimination claims without adhering to the same rules required of every other employment discrimination plaintiff in the country. Accordingly, plaintiff's Title IX claims are **DISMISSED.**

### *IV. Conclusion*

Because the court has already declined to exercise supplemental jurisdiction over plaintiff's state law claims, the issue argued in the parties' briefs regarding plaintiff's claim under the Georgia Fair Employment Practices Act is **MOOT.**

To summarize, the claims remaining in this suit are: (1) the Title VII claim against the school district; and (2) the § 1983 claims against all defendants in their individual capacities and against the school district as a whole. In order to avoid unnecessary litigation, the court also **ORDERS** plaintiff to submit within twenty days a brief succinctly presenting her factual and legal bases for attempting to hold each member of the school board individually liable. Defendants will have ten days after receiving plaintiff's brief within which to respond.