[This opinion has been published in *Ohio Official Reports* at 70 Ohio St.3d 281.]

COSGROVE, APPELLANT, V. WILLIAMSBURG OF CINCINNATI MANAGEMENT
COMPANY, INC., D.B.A. EVERGREEN RETIREMENT COMMUNITY, APPELLEE.
[Cite as Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.,
1994-Ohio-295.]

*Employer and employee—Sex discrimination—R.C. 4112.99 is a remedial statute
and is subject to R.C. 2305.07's six-year limitations period.*

R.C. 4112.99 is a remedial statute, and is thus subject to R.C. 2305.07's six-year
statute of limitations.

(No. 92-2549—Submitted December 15, 1993—Decided September 21, 1994.)

APPEAL from the Court of Appeals for Hamilton County, No. C-9100545.

———————————

{¶ 1} Defendant-appellee Williamsburg of Cincinnati Management
Company, Inc., d.b.a. Evergreen Retirement Community ("Williamsburg"),
terminated plaintiff-appellant Karen Cosgrove's employment on September 30,
1988. Alleging that she was terminated because of her pregnancy, Cosgrove filed
a charge of discrimination based on sex with the United States Equal Employment
Opportunity Commission ("EEOC") on March 13,1989. On March 17, 1989, the
Ohio Civil Rights Commission ("OCRC") received a transmittal of the EEOC
charge.

{¶ 2} Following the EEOC's investigation, Cosgrove received a right-to-sue
letter on February 9, 1990. On March 28, 1990, Cosgrove filed an action in federal
district court alleging violations of Section 2000e, Title 42, U.S. Code and R.C.
4112.99. The district court refused to exercise pendent jurisdiction over Cosgrove's
state-law claim and Cosgrove filed the present action in common pleas court on
November 13, 1990, solely under R.C. 4112.99.

**{¶ 3}** Williamsburg asserted as an affirmative defense that Cosgrove's action was time-barred by R.C. 2305.11(A), which sets a one-year statute of limitations for an action upon a statute for a penalty, or by the one-hundred-eighty-day period utilized in other sections of R.C. Chapter 4112.

**{¶ 4}** The trial court granted Williamsburg summary judgment, holding that the statute of limitations could not be more than one year, reasoning that R.C. 4112.99 is a penalty statute.

**{¶ 5}** Upon appeal, Cosgrove urged that R.C. 2305.07's six-year statute of limitations for a statutorily created liability was the applicable standard. Nevertheless, the court of appeals affirmed.

**{¶ 6}** The cause is now before this court pursuant to a motion to certify the record.

_____

*Kircher, Robinson, Cook, Newman & Welch* and *Robert B. Newman*, for appellant.

*Thompson, Hine & Flory* and *Deborah DeLong*, for appellee.

*Spater, Gittes, Schulte & Kolman*, *Frederick M. Gittes* and *Kathleen B. Schulte*; *Helmer, Lugbill & Whitman Co., L.P.A.*, and *James Helmer, Jr.*, urging reversal for *amici curiae*, 9 to 5, National Association of Working Women, International Union, Automobile Aerospace, and Agricultural Implement Workers of America (UAW) Region 2, Committee Against Sexual Harassment, Ohio NOW Education and Legal Fund, Columbus Chapter of the NAACP, Ohio Employment Lawyers Association, Ohio State Legal Services Association, Ohio Federation of Business and Professional Women, National Conference of Black Lawyers, Police Officers for Equal Rights, and Ohio Human Rights Bar Association.

*Porter, Wright, Morris & Arthur*, *Stuart M. Gordon*, *Kevin E. Griffith* and *Christopher C. Russell*, urging affirmance for *amici curiae*, The Ohio

Manufacturer's Association, Ohio Chamber of Commerce, Ohio Association of Civil Trial Attorneys, and Printing Industry of Ohio.

*Taft, Stettinius & Hollister*, *Brian P. Gillan* and *Doreen Canton*, urging affirmance for *amici curiae*, Employers Resource Association, Employers Resource Council, Associated Employers of Central Ohio, and Manufacturers' Association of Eastern Ohio and Western Pennsylvania.

————————————

**PFEIFER, J.**

**{¶ 7}** We hold that R.C. 4112.99 is a remedial statute, and is thus subject to R.C. 2305.07's six year statute of limitations.

**{¶ 8}** R.C. 4112.99 does not contain an explicit statute of limitations. It reads in full:

"Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief."

**{¶ 9}** Since R.C. 4112.99 does not contain its own statute of limitations, we must look to other sections of the Revised Code for the appropriate limitations period. R.C. 2305.07 states, in relevant part, that "an action upon * * * a liability created by statute other than a forfeiture or penalty * * * shall be brought within six years after the cause thereof accrued."

**{¶ 10}** R.C 2305.11(A) sets a statute of limitations of one year for "an action upon a statute for a penalty or forfeiture."

**{¶ 11}** The core question becomes, then, whether R.C. 4112.99 creates a statutory liability or whether it is a "statute for a penalty," *i.e.*, whether it is a remedial or a penalty statute.

**{¶ 12}** In *Morris v. Kaiser Engineers, Inc.* (1984), 14 Ohio St. 3d 45, 14 OBR 440, 471 N.E.2d 471, this court was faced with a similar question regarding former R.C. 4101.17, which also did not contain its own statute of limitations. That

statute provided a civil cause of action for persons denied employment or discharged because of their age. It provided in pertinent part:

"(B) Any person between the ages of forty and seventy discriminated against in any job opening or discharged without just cause by an employer in violation of division (A) of this section may institute a civil action against the employer in a court of competent jurisdiction." (138 Ohio Laws, Part I, 2268.)

{¶ 13} This court found that R.C. 4101.17 created a statutory liability, and thus fell under the six-year statute of limitations contained in R.C. 2305.07. Interestingly, the defendant-appellant in *Morris* did not argue that R.C. 4101.17 was a penalty statute, but instead argued that R.C. 4101.17 should be read *in pari materia* with former R.C. 4112.02(N) and 4112.05(B), Ohio's other age discrimination statutes, which had one-hundred-eighty-day and six-month statutes of limitations, respectively. This court concluded that because R.C. 4101.17 was not ambiguous, the *in pari materia* rule did not apply, and that R.C. 2305.07 provided the appropriate limitations period.

{¶ 14} With respect to the issue in question, R.C. 4101.17 and 4112.99 are directly analogous. Both create civil recourse for employees injured by illegal discriminatory acts. The language of former R.C. 4101.17(B) directly empowered employees—"[a]ny person between the ages of forty and seventy discriminated against * * * may institute a civil action"—while R.C. 4112.99's language is more passive—"Whoever violates this chapter is subject to a civil action for damages * * *." Although the violator is the nominal subject in R.C. 4112.99, it is the wronged party who is given the power to initiate the civil proceeding. R.C. 4112.99 creates civil liability for persons committing discriminatory acts in the workplace. No such liability exists in the common law.

{¶ 15} Although R.C. 4112.99 achieves similar ends as did R.C. 4101.17, Williamsburg argues that the statutes should not share the same statute of limitations partly because of certain *dicta* from this court's decision in *Elek v.*

*Huntington Natl. Bank* (1991), 60 Ohio St. 3d 135, 573 N.E.2d 1056. Williamsburg and *amici* point to the following language from *Elek* to support their assertion that R.C. 4112.99 is a penalty section:

"If [the General Assembly's] intent were not clear enough from the language employed in R.C. 4112.99, resort to R.C. 1.23(A) removes all doubt. This latter section provides:

"*Wherever in a penalty section* reference is made to a violation of a series of sections, or of divisions or subdivisions of a section, such reference shall be construed to mean a violation of any section, division, or subdivision included in such reference.'" (Emphasis added.) *Id.* at 137, 573 N.E.2d at 1058.

**{¶ 16}** None of the parties or *amici* dispute that the above statement in *Elek* is *dicta*. As such, it has no binding effect on this court's decision in this case. It was offered as non-essential illustration in a case where statutes of limitations were not at issue. Interestingly, *Elek* also contains *dicta* which supports the argument that R.C 4112.99 is a remedial statute:

"Moreover, were R.C. 4112.99 ambiguous (which it is not), it is beyond question that R.C. Chapter 4112 is remedial. * * * Accordingly, R.C. 4112.99 is to be liberally construed to promote its object (elimination of discrimination) and protect those to whom it is addressed (victims of discrimination)." *Id*.

**{¶ 17}** More persuasive than any of the *dicta* in *Elek* is the General Assembly's 1992 amendment to R.C. 4112.08. The amended provision provides in relevant part:

"This chapter shall be construed liberally for the accomplishment of its purposes * * * ." (Am. Sub. H.B. No. 321.)

**{¶ 18}** The previous version of R.C. 4112.08 stated:

"The provisions of sections 4112.01 to 4412.08 of the Revised Code, shall be construed liberally for the accomplishment of the purposes thereof * * *." (138 Ohio Laws, Part I, 2282.)

**{¶ 19}** Thus, the 1992 amendment effectively includes R.C. 4112.99 among those sections to be liberally construed. Statutes which impose penalties, on the other hand, must be strictly construed. *State ex rel. Lukens v. Indus. Comm.* (1944), 143 Ohio St. 609, 28 O.O. 506, 56 N.E.2d 216. Therefore, the General Assembly demonstrates by its amendment to R.C. 4112.08 that R.C. 4112.99 is not to be strictly construed, and thus cannot be considered a penalty statute.

**{¶ 20}** R.C. 4112.99 is not a penalty statute regardless of how it is labelled and numbered in the Revised Code. Williamsburg points out that the statute is labelled "Penalty," and that it contains a ".99" designation, which ordinarily applies to penalties—"[a]ll penalty clauses are uniformly numbered as '.99' except where they are indicated as a part of the section itself." Preface to Page's Ohio Revised Code, Annotated, at v.

**{¶ 21}** However, headings and numerical designations are irrelevant to the substance of a code provision. "Title, Chapter, and section headings * * * do not constitute any part of the law as contained in the 'Revised Code.'" R.C. 1.01. Also, merely because most penalty provisions are numbered ".99" does not mean that everything numbered ".99" is a penalty provision. A look at the other ".99" provisions in the Revised Code shows that R.C. 4112.99 is different in substance from any other. No other ".99" provision creates a civil cause of action for damages. A comparison with former R.C. 4112.99 best demonstrates the present statute's unique status. The former statute read: "Whoever violates divisions (A) to (H) of section 4112.02, or sections 4112.07 or 4112.11 of the Revised Code is guilty of a misdemeanor of the third degree."(136 Ohio Laws, Part I, 444.) The focus of the statute has changed from punishing the wrongdoer criminally to providing a remedy to the wronged employee.

**{¶ 22}** The arguments of Williamsburg and *amici* in support exalt form over substance. The simple substance of R.C. 4112.99 is that the General Assembly has statutorily created for those discriminated against the right to seek their own redress

in a court of law for discriminatory wrongs done. R.C. 4112.99 provides a remedy rather than instituting a penalty, and its limitations period is thus controlled by R.C. 2305.07.

{¶ 23} The judgment of the court of appeals is reversed.

*Judgment reversed.*

A.W. SWEENEY and DOUGLAS, JJ., concur.

MOYER, C.J., concurs in the syllabus and judgment.

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHt and RESNICK, JJ., concur separately.

F.E. SWEENEY, J., dissents.

_____

**ALICE ROBIE RESNICK, J., concurring.**

{¶ 24} Although I concur fully in the court's decision, I am compelled to write separately for three reasons. First, I believe it is incumbent upon the court to set forth a more definitive test to identify whether a liability created by statute is penal or remedial. Second, I feel it necessary, in light of today's decision, to explain and distinguish our recent decision in *Bellian v. Bicron Corp.* (1994), 69 Ohio St.3d 517, 634 N.E.2d 608. Third, I wish to stress that how victims of different discriminatory practices are treated regarding time limitations on the independent civil remedies afforded them under R.C. Chapter 4112, is a political issue best resolved by the General Assembly.

I. Penalty/Remedy Dichotomy

{¶ 25} R.C. 4112.99 provides that "[w]hoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief." R.C. 4112.99 does not contain a statute of limitations.

{¶ 26} R.C. 2305.07 provides a six-year limitations period for bringing "an action upon *** a liability created by statute other than a forfeiture or penalty." Thus, under R.C. 2305.07, there are two preconditions to the application of its six-

year limitations period: (1) that the action is based upon "a liability created by statute," and (2) that such statutorily created liability is "other than a forfeiture or penalty."

{¶ 27} In *Morris v. Kaiser Engineers, Inc.* (1984), 14 Ohio St.3d 45, 14 OBR 440, 471 N.E.2d 471, at paragraph two of the syllabus, we held that "[t]he statute of limitations applicable to an action for age discrimination in employment pursuant to R.C. 4101.17 is the six-year period contained in R.C. 2305.07." In so holding, we addressed only the first precondition to the application of R.C. 2305.07, finding that "R.C. 4101.17 creates *** a liability." Id. at 48, 14 OBR at 443, 471 N.E.2d at 475. We did not, however, address the second precondition since, as the lead opinion points out, "the defendant-appellant in *Morris* did not argue that R.C. 4101.17 was a penalty statute." Thus, unlike the lead opinion, I do not find *Morris* to be controlling. Instead, I believe that reliance on *Morris* serves only to sidestep what the lead opinion correctly identified as the core question in this case: whether R.C. 4112.99 "is a remedial or a penalty statute."

{¶ 28} On this issue, I am not persuaded by reading the lead opinion that R.C. 4112.99 is either remedial or penal. The argument that this statute is remedial by virtue of the liberal construction to be afforded it under R.C. 4112.08 and by its shift in focus from criminal to civil liability is no more compelling to me than the argument that it is penal by virtue of its ".99" designation and its supposed "penalty" label.[1] Instead, I am left with the impression that the penalty/remedy dichotomy has turned on a subjective choice between competing sets of indicia.

---

1. The lead opinion seems to accept Williamsburg's assertion that the heading of the section is "Penalty," although it cites R.C. 1.01 to show that section headings are not part of "the law as contained in the Revised Code." However, "Penalty" is not *the* heading. The section heading for R.C. 4112.99 in Baldwin's Ohio Revised Code Annotated is "Civil action for violations"; in Page's Revised Code Annotated it is "Penalty." Both headings are publisher's aids to the user of the code. Neither is part of the code; neither is official. "In Ohio, the General Assembly does not assign official Revised Code headings, or taglines; they are written by the Publisher's editorial staff." Baldwin's Ohio Legislative Service (1994), User's Guide, 4. "Where new sections have been added

**{¶ 29}** There does exist, however, a more objective and definitive analytic framework for adjudging the penal or remedial appellation of a statute. Early on, the United States Supreme Court developed the following test to determine whether a law is penal:

"The test whether a law is penal, in the strict and primary sense, is whether the wrong sought to be redressed is a wrong to the public, or a wrong to the individual, according to the familiar classification of Blackstone: 'wrongs are divisible into two sorts or species: *private wrongs* and *public wrongs*. The former are an infringement or privation of the private or civil rights [that] belong to individuals, considered as individuals; and are thereupon frequently termed *civil injuries*: the latter are a breach and violation of public rights and duties, which affect the whole community, considered as a community; and are distinguished by the harsher appellation of *crimes* and *misdemeanors*.' 3 Bl. Com. 2." (Emphasis sic.) *Huntington v. Attrill* (1892), 146 U.S. 657, 668-669, 13 S.Ct. 224, 228, 36 L.Ed. 1123, 1128.

**{¶ 30}** In *Floyd v. DuBois Soap Co.* (1942), 139 Ohio St. 520, 522-523, 23 O.O. 20, 21, 41 N.E.2d 393, 395, we adopted the definitional test set forth in *Huntington*, stating that "[t]he test whether a law is penal is whether the wrong sought to be redressed is a wrong to the public or a wrong to the individual."[2]

**{¶ 31}** The test in *Huntington* was set forth for the purpose of determining whether a statute in one state is a penal law in the interstate comity sense and,

to the Revised Code without official headings, descriptive headings have been supplied by the publisher's editorial staff." Page's Revised Code Annotated (1990), Preface, vi.

2. *Floyd* was reversed on other grounds by *Floyd v. DuBois Soap Co.* (1942), 317 U.S. 596, 63 S.Ct. 159, 87 L.Ed. 488. In reversing, however, the United States Supreme Court actually endorsed that portion of our decision in *Floyd* relative to the application of the *Huntington* test. The Supreme Court reversed *Floyd* on the authority of *Overnight Motor Transp. Co., Inc. v. Missel* (1942), 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682. In *Missel*, however, the Supreme Court also adopted and applied the *Huntington* test as we did in *Floyd*, actually relying in part on the application of the test by courts in statute of limitations cases. *Id.*, 316 U.S. at 583, 62 S.Ct. at 1223, 86 L.Ed. at 1690-1691.

therefore, unenforceable by the courts of another state. Following *Huntington*, courts have utilized its test for the purpose of determining whether a statutorily created liability is penal in other contexts, including whether liability for discriminatory practices is penal and whether an action is penal under statutes of limitations applicable to actions other than penalties. *Floyd*, *supra* (test used to determine whether federal jurisdiction was exclusive under statute providing exclusive jurisdiction "[o]f all suits for penalties and forfeitures"); *Commrs. of Belmont Cty. v. Brown* (1916), 5 Ohio App. 394, 401, 26 Ohio C.C. (N.S.) 377, 382 (test used to determine recovery under statute imposing liability on county for failure to erect guardrails on road); *Murphy v. Household Finance Corp.* (C.A.6, 1977), 560 F.2d 206, 209 (test used to determine whether cause of action under the Truth-in-Lending Act and Regulation Z is penal or remedial for purpose of determining whether such cause of action passes to bankruptcy trustee); *Khan v. Grotnes Metalforming Systems, Inc.* (N.D.Ill.1988), 679 F.Supp. 751, 756 (test applied to determine nature of age discrimination claims for purpose of whether such cause of action survives the death of plaintiff); *Mehl v. ICI Americas, Inc.* (S.D.Ohio 1984), 593 F.Supp. 157, 160 (test used to determine application of R.C. 2305.07 to claims brought under Ohio Pure Food and Drug Act); *Porter v. Household Finance Corp. of Columbus* (S.D.Ohio 1974), 385 F.Supp. 336, 340 (test used to determine transferability of debtor's right of action under Truth-in-Lending Act); *McDaniel v. United Hardware Distrib. Co.* (Minn.1991), 469 N.W.2d 84, 86-87 (test used to determine applicable statute of limitations period to claims for retaliatory discharge).

{¶ 32} In applying the *Huntington* test, courts have identified three factors which should be considered in determining whether a statute is penal or remedial: (1) whether the purpose of the statute is to redress individual wrongs or wrongs to the public, (2) whether recovery runs to the individual or to the public, and (3) whether the authorized recovery is wholly disproportionate (or unrelated) to the

harm suffered. *Smith v. No. 2 Galesburg Crown Fin. Corp.* (C.A.7, 1980), 615 F.2d 407, 414; *Murphy*, *supra*, 560 F.2d at 209; *Bowles v. Farmers Natl. Bank of Lebanon, Ky.* (C.A.6, 1945), 147 F.2d 425, 428; *Republic of Philippines v. Westinghouse Elec. Corp.* (D.N.J.1993), 821 F.Supp. 292, 297; *United States v. $47,409 in United States Currency* (N.D.Ohio 1993), 810 F.Supp. 919, 923; *Asklar v. Honeywell, Inc.* (D.Conn.1982), 95 F.R.D. 419, 423; *McDaniel*, *supra*, 469 N.W.2d at 86-87.

{¶ 33} With regard to the first factor, recent decisions have recognized that "most modern social welfare legislation *** has a *dual purpose* of remedying harm to the individual and deterring socially inimical business practices. *** Therefore, the Court must determine whether the *primary purpose* of the Act is more like a penalty or a remedial action ***." (Emphasis added.) *Porter*, *supra*, 385 F.Supp. at 342. In making such a determination, the focus is not on the ultimate goals or effect of the statute, but on the method or design by which the statute seeks to accomplish its goals. See *Murphy*, *supra*, 560 F.2d at 211; *Smith*, *supra*, 615 F.2d at 414; *Bowles*, *supra*, 147 F.2d at 428; *Khan*, *supra*, 679 F.Supp. at 756; *Asklar*, *supra*, 95 F.R.D. at 423-424; *McDaniel*, *supra*, 469 N.W.2d at 86-87. Thus, as the court explained in *Ricca v. United Press Internatl., Inc.* (S.D.N.Y.1982), 28 Fair Employment Practices Cases 1816, 1817, "one of the primary purposes of the [Age Discrimination in Employment Act] is to redress individual wrongs. *** While the statute undoubtedly was passed in order to respond to a public social problem, in each instance it redresses a specific individual grievance. This is sufficient to satisfy the first *** criterion."

{¶ 34} In enacting R.C. Chapter 4112 and in amending R.C. 4112.99, the General Assembly undoubtedly was responding to a public social problem. Discrimination in its various forms drains our economic resources, subverts the democratic process and undermines the general welfare. It is inconceivable that the

General Assembly, in passing this legislation, was unconcerned with deterring such socially inimical business practices.

{¶ 35} Nevertheless, the primary purpose of R.C. Chapter 4112 (and R.C. 4112.99 in particular) is to redress individual wrongs. Its basic design is to identify individual wrongs, provide a framework under which aggrieved persons may obtain redress and authorize relief to make whole victims of unlawful discrimination. This purpose was clearly identified in *Helmick v. Cincinnati Word Processing, Inc.* (1989), 45 Ohio St.3d 131, 543 N.E.2d 1212. Therein the court stated that "there appears to be little question that R.C. Chapter 4112 is comprehensive legislation *designed to provide a wide variety of remedies* for employment discrimination in its various forms." (Emphasis added.) *Id.* at 133, 543 N.E.2d at 1215. Further, we explained that R.C. 4112.08 "bars any law which would be inconsistent with the *remedial purpose* of the chapter" (emphasis added), *id.* at 133-134, 543 N.E.2d at 1215; and that "R.C. Chapter 4112 was intended to add protection *for victims* of sexual harassment ***. [T]he express purpose of R.C. Chapter 4112 is to deter [discriminatory] practices *and provide a remedy where none existed under state law*."

{¶ 36} That R.C. Chapter 4112's primary purpose is to redress individual wrongs is borne out by R.C. 4112.052. Under this provision, the Ohio Civil Rights Commission is given authority to involve the Attorney General where "any group of persons has been denied any of the rights granted by [R.C. 4112.02(H)] *and the denial raises an issue of public importance.*" (Emphasis added.) There would be no need to add the italicized language if the statute was primarily designed to redress public wrongs. By negative implication, therefore, R.C. 4112.052 evinces a recognition that R.C. Chapter 4112 is designed primarily to redress individual wrongs.

12

**{¶ 37}** With regard to the second factor, recovery under R.C. 4112.99 clearly runs to the aggrieved individual. Neither the state nor any independent third party is authorized as plaintiff or beneficiary.

**{¶ 38}** The third factor, dealing essentially with whether recovery authorized by the statute is tied to the harm suffered by the aggrieved individual, generally comes into play in those cases involving fixed, predetermined, minimum, automatic or accumulated statutory damages. See, *e.g.*, *State ex rel. Lukens v. Indus. Comm.* (1944), 143 Ohio St. 609, 612-613, 28 O.O. 506, 507, 56 N.E.2d 216, 217; *Cincinnati, Sandusky & Cleveland RR. Co. v. Cook* (1881), 37 Ohio St. 265, 269-270; *Commrs. of Belmont Cty.*, *supra*, 5 Ohio App. at 402-403, 26 Ohio C.C. (N.S.) at 383-384; *Bowles*, *supra*, 147 F.2d at 429; *McDaniel*, *supra*, 469 N.W.2d at 87. Even in such cases, however, "[a] law is not penal merely because it imposes an extraordinary liability on a wrongdoer in favor of a person wronged, which is not limited to the damages suffered by him." *Floyd*, *supra*, 139 Ohio St. at 523, 23 O.O. at 21, 41 N.E.2d at 395. See, also, *Huntington*, *supra*, 146 U.S. at 667-668, 13 S.Ct. at 227, 36 L.Ed. at 1127; *Murphy*, *supra*, 560 F.2d at 210; *Porter*, *supra*, 385 F.Supp. at 341.

**{¶ 39}** R.C. 4112.99 sets forth no statutory fixed or minimum recovery, provides for no automatic recovery and authorizes no accumulation of damages once they are determined. Further, appellant's demand for punitive damages is not in the nature of accumulated or automatic damages. See *McDaniel*, *supra*, 469 N.W.2d at 87-88.

**{¶ 40}** Last, because much insistence has been placed upon the supposed fact (see fn. 1) that R.C. 4112.99 is labeled "Penalty," it is worth pointing out that "[a]ctions for damages to a litigant's property are not penal even though they may be so labeled." *Porter*, *supra*, 385 F.Supp. at 340. "The test is not by what name the statute is called by the legislature or the courts of the State in which it was passed, but whether it appears to the tribunal which is called upon to enforce it to

be, in its essential character and effect, a punishment for an offence against the public, or a grant of a civil right to a private person." *Huntington*, *supra*, 146 U.S. at 683, 13 S.Ct. at 233, 36 L.Ed. at 1133. As one court put it, "'[a] rose by any other name is still a rose.'" *Republic of Philippines*, *supra*, 821 F.Supp. at 296, quoting *Terenzio v. Nelson* (1969), 107 N.J.Super. 223, 227, 258 A.2d 20, 23.

{¶ 41} It is clear from the foregoing that R.C. 4112.99 is, in its essential character and design, a remedial statute. The wrongs that it seeks to redress are wrongs committed against aggrieved individuals. It has none of the characteristics or attributes of a penal law. An action based on R.C. 4112.99, therefore, is "other than a forfeiture or penalty," and is subject to the six-year statute of limitations set forth in R.C. 2305.07.

## II. *Bellian* Distinguished

{¶ 42} The syllabus in the case *sub judice* reads: "R.C. 4112.99 is a remedial statute, and is thus subject to R.C. 2305.07's six-year statute of limitations."

{¶ 43} The syllabus in *Bellian*, *supra*, reads: "Any age discrimination claim, premised on a violation described in R.C. Chapter 4112, must comply with the one-hundred-eighty-day statute of limitations period set forth in former R.C. 4112.02(N)."

{¶ 44} It is imperative that we explain the basis for applying a different statute of limitations period to the sex-based employment discrimination claim in this case than was applied in *Bellian* to an age-based employment discrimination claim. Otherwise, there is no guidance as to which statute of limitations will be held to apply to other claims brought pursuant to R.C. Chapter 4112.

{¶ 45} In *Bellian*, we recognized that "R.C. 4112.99 creates an independent civil action to remedy any form of discrimination identified in R.C. Chapter 4112," but also recognized that "there may be instances where R.C. 4112.99 would conflict with other more specific provisions of R.C. Chapter 4112." *Id.*, 69 Ohio St.3d at

519, 634 N.E.2d at 610. In other words, there may be other provisions in R.C. Chapter 4112 that authorize aggrieved individuals to enforce specific rights under Chapter 4112 by instituting a civil action. To the extent that other specific provisions set forth a statute of limitations, a conflict would exist between such specific provision and R.C. 4112.99, relative to the applicability of the statute of limitations. In such an event, pursuant to R.C. 1.51, the specific provision's statute of limitations must prevail. *Id.*

{¶ 46} The plaintiff in *Bellian* brought an age-based employment discrimination claim that purported to be based on R.C. 4112.99. However, we found that "[t]he only provision in R.C. Chapter 4112 that recognizes discrimination on the basis of age is R.C. 4112.02. Thus, regardless of whether appellant stated reliance on R.C. 4112.02 or 4112.99, he had to be referring to the form of age-based employment discrimination identified by R.C. 4112.02." *Id.* R.C. 4112.02(N) specifically authorized civil actions by aggrieved individuals for age-based employment discrimination claims identified by R.C. 4112.02, and contained its own one-hundred-eighty-day statute of limitations. Thus, its statute of limitations prevailed over that of R.C. 4112.99.

{¶ 47} We went one step further, however, and held that since R.C. 4112.02 is the only R.C. Chapter 4112 provision to proscribe age discrimination, *any* age-based discrimination claims under Chapter 4112 must be filed within one hundred eighty days.[3] *Id.*, 69 Ohio St.3d at 519-520, 634 N.E.2d at 610.

---

3. It should be noted that R.C. 4112.02 is not the only R.C. Chapter 4112 section that proscribes age discrimination. R.C. 4112.021 proscribes discrimination on the basis of age with regard to the issuance and maintenance of credit. This does not, however, change the result in *Bellian*, since R.C. 4112.021(D) authorizes aggrieved individuals to enforce their rights under R.C. 4112.021 by filing a civil action within one hundred eighty days. Further, age discrimination is prohibited under R.C. 4112.02 not only with reference to employment, but also in the area of public accommodation. See R.C. 4112.02(G). This subsection, however, is also subject to R.C. 4112.02(N)'s one-hundred-eighty-day statute of limitations. It would have been more accurate to have said in *Bellian* that *every* R.C. Chapter 4112 provision that proscribes discrimination based on age is governed by a specific provision that grants aggrieved individuals the right to file a civil action within one hundred eighty days.

{¶ 48} In the case *sub judice*, appellant's sex-based employment discrimination claim was also brought pursuant to R.C. 4112.99. As in *Bellian*, the only provision in R.C. Chapter 4112 that proscribes sex-based employment discrimination is R.C. 4112.02. Thus, appellant must be relying on R.C. 4112.02 to identify the right she now seeks to enforce.

{¶ 49} Unlike the situation in *Bellian*, however, there is no R.C. Chapter 4112 provision, other than R.C. 4112.99, that creates civil liability for *sex*-based employment discrimination claims. R.C. 4112.02(N) only authorizes civil actions "relative to discrimination on the basis of age." Thus, R.C. 4112.02(N)'s one-hundred-eighty-day statute of limitations does not apply to appellant's *sex*-based employment discrimination claim.

{¶ 50} Other than R.C. 4112.02(N), there are only two other specific R.C. Chapter 4112 provisions that authorize aggrieved individuals to bring civil actions, neither of which apply to sex-based employment discrimination claims. R.C. 4112.021 applies only to unlawful discriminatory credit practices; and R.C. 4112.051 applies only to unlawful discriminatory housing practices. The fact that they are each applicable to sex-based discrimination claims does not make these provisions applicable to appellant's claim, since neither of them applies in the area of employment. Thus, there is no specific R.C. Chapter 4112 provision that conflicts with R.C. 4112.99 in this case. Accordingly, the six-year statute of limitations set forth in R.C. 2305.07 governs appellant's sex-based employment discrimination claim.

{¶ 51} It is clear from the foregoing that, in these kinds of cases, unless a cause of action is based on a provision in R.C. Chapter 4112 that authorizes independent civil actions and sets forth its own specific statute of limitations, R.C. 4112.99 applies and the cause of action is subject to R.C. 2305.07's six-year statute of limitation. In this regard, R.C. 4112.99 functions as a gap-filling provision,

establishing civil liability for violations of rights for which no other provision for civil liability has been made.

{¶ 52} In order to facilitate this function, and to provide guidance as to when statute of limitations conflicts arise between R.C. 4112.99 and some other more specific R.C. Chapter 4112 provision, I would establish the following test. In order for it to be said that a cause of action is based on a specific R.C. Chapter 4112 provision other than R.C. 4112.99, that provision must (1) apply to the same prohibited form of discrimination that forms the basis of the cause of action, *e.g.*, sex, age, race, etc., (2) apply to the same area or situation that forms the basis of the cause of action, *e.g.*, employment, housing, credit, etc., (3) authorize the aggrieved individual to file a civil action, (4) provide remedies comparable to those provided in R.C. 4112.99, and (5) contain a statute of limitations. If these five criteria are not met, it cannot be said that the specific statutory provision authorizes the subject cause of action. In such a case, R.C. 4112.99 applies to fill the gap.

### III. Legislative Function

{¶ 53} When the General Assembly amended R.C. 4112.99 without providing a statute of limitations, it shifted that burden to this court. The court, however, is not a political branch of government. We cannot choose a limitations period based on any political motivation. Nor can we speculate as to the limitations period that would be chosen by the General Assembly. Any such speculation, even under the guise of ascertaining legislative intent, would amount to an assumption of the legislative role of the General Assembly.

{¶ 54} Instead, we must do as we have done in this case, *viz.*, choose from among the various statutes of limitations contained elsewhere in the Revised Code on the basis of well-established statutory and common-law principles of construction. Application of these principles has yielded a six-year statute of limitation for claims properly filed pursuant to R.C. 4112.99. Under the guidelines in which this court is constrained to operate, this result is unavoidable.

**{¶ 55}** Yet, in light of the general contour of R.C. Chapter 4112, it appears to me that the General Assembly would probably not opt for a six-year statute of limitations. It also appears, however, that it would not opt for a one-hundred-eighty-day statute of limitations as it did in the more specific provisions. In providing in R.C. 4112.99 for what is in essence a remedy, yet retaining the .99 designation, it may be that the General Assembly intended for the one-year statute of limitations set forth in R.C. 2305.11(A) to apply. Or it may be that the legislature did not consider the issue and, if it had, would have opted for something in between.

**{¶ 56}** In any event, the decision is, in the first instance, a political one that should not be left to the judiciary. Accordingly, I beseech the General Assembly to reclaim this issue and resolve it on a legislative level.

MOYER, C.J., A.W. SWEENEY, DOUGLAS and WRIGHT, JJ., concur in the foregoing concurring opinion.

———————————

**WRIGHT, J., CONCURRING.**

**{¶ 57}** Aside from the reservations I expressed in *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 140, 573 N.E.2d 1056, 1061 (Wright, J., dissenting), which is now established law, I concur in Justice Resnick's concurring opinion.

———————————