**Mary Louise TAYLOR, Plaintiff,**

v.

**NATIONAL GROUP OF COMPANIES INC., et al., Defendant.**

**No. 89CV7009.**

United States District Court,
N.D. Ohio,
Western Division.

Oct. 7, 1994.

---

See also 145 F.R.D. 79.

Bruce Comely French, Lima, OH, for plaintiffs Mary Louise Taylor and Harold R. Taylor.

Jerry Marshall Johnson, Hunt, Moritz & Johnson, Lima, OH and Glenn E. Wasielewski, Manahan, Pietrykowski, Bamman & Delaney, Toledo, OH, for defendants Nat. Group of Companies, Inc., John L. West, Karen Stoodt and Thomas Glick.

## MEMORANDUM AND ORDER

CARR, District Judge.

This is an employment discrimination action in which plaintiff alleges a hostile work environment in violation of § 1981 of the Civil Rights Act of 1866. Plaintiff also alleges violation of O.R.C. § 4112. Pending is defendants' motion for summary judgment. For the reasons stated below, defendants' motion for summary judgment shall be denied.

Plaintiff claims she endured a hostile work environment while employed with defendants. For purposes of summary judgment, her factual allegations about the hostile work environment will be accepted as true. These include:

1) in September 1987, she was struck on the buttocks with a board by defendant, West;

2) a sexually suggestive and offensive remark was made to her by the sales manager, Henry Carleton;

3) Mr. West put his arm around the plaintiff in December, 1987, in the presence of several other employees as he announced a Christmas party;

4) Mr. West told the plaintiff that the two of them would have to "lock themselves in a motel room" to complete a particular job;

5) Mr. West leaned over the plaintiff while looking at an advertising copy layout;

6) Mr. West would whisper in the plaintiff's ear on occasion (though plaintiff did

not testify that sexually suggestive statements were made to her);

7) Mr. West brushed across her breasts with the back of his hand while getting coffee; and

8) Mr. West once leaned over plaintiff and said that she smelled good.

█ For plaintiff to prevail on her claim of sexual harassment due to a hostile work environment she must assert and prove:

1) the employee was a member of a protected class; 2) the employee was subjected to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature; 3) the harassment complained of was based upon sex; 4) the charged sexual harassment had the effect of unreasonably interfering with the plaintiff's work performance and creating an intimidating, hostile, or offensive working environment that affected seriously the psychological well-being of the plaintiff; and 5) the existence of respondeat superior liability.

*Rabidue v. Osceola Refining Co.,* 805 F.2d 611, 619–20 (6th Cir.1986).

█ Plaintiff must also demonstrate that a reasonable person would find the environment hostile or abusive. Additionally, she must show that she perceived the environment to be abusive. *Harris v. Forklift Systems, Inc.,* —— U.S. ——, ——, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993). In *Harris,* the Supreme Court stated:

whether an environment is "hostile" or "abusive" can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.

*Id.* —— U.S. at ——, 114 S.Ct. at 371.

In a previous opinion in this case, the Hon. Judge John W. Potter found that plaintiff had sufficiently alleged facts of a hostile work environment:

In reviewing the materials before the Court in a light most favorable toward plaintiff, it is apparent and [sic] that a genuine issue of material fact exists with regard to whether defendants West and National Group violated Title VII by creating a sexually hostile or offensive work environment. Although defendants have set forth facts which tend to indicate that no such environment existed and that any office horseplay was harmless and in a spirit of jocularity, plaintiffs countered those assertions by pointing to portions of the record which tend to indicate a more offensive atmosphere which could fall within the realm of sexually hostile environment. This is precisely the type of genuine issue of material fact which precludes the Court from granting summary judgment in defendants' favor on the Title VII sex discrimination issue. Plaintiff Mary Taylor has presented evidence on this issue from which a jury could return a verdict in her favor.

(Doc. 41).

█ Defendants contend that, on the expanded record, plaintiff is unable to demonstrate a *prima facie* case of a hostile work environment. They argue that plaintiff's allegations are not of sufficient severity or pervasiveness to establish a hostile work environment.

The incident in which plaintiff alleges she was struck on the buttocks by a board wielded by the president of the company is an example of extremely severe sexual harassment. *See, Campbell v. Kansas State University,* 780 F.Supp. 755 (D.Kan.1991). The fact that the president, rather than a fellow employee, struck the plaintiff increases the degree of severity. In addition, plaintiff was subjected to lesser forms of sexual harassment. Although these other incidences in themselves may not rise to an actionable level, in combination with the board incident, plaintiff has sufficiently established a *prima facie* case. I conclude, accordingly, that a rational fact-finder could conclude that plaintiff was subjected to sex-based conduct that was so severe and pervasive that she could prevail on her hostile environment claim.

█ Defendants also argue that plaintiff's state claim under O.R.C. § 4112 is time

barred. The recent ruling of the Ohio Supreme Court, however, makes it clear that the proper statute of limitations period for this action is six years. *Cosgrove v. Williamsburg of Cincinnati Management Co., Inc.,* 70 Ohio St.3d 281, 638 N.E.2d 991 (1994). Plaintiff's complaint was filed well within the six year limitation and, therefore, is not time-barred.

For the foregoing reasons, it is

**ORDERED THAT** defendants' motion for summary judgment shall be denied.

**FURTHER ORDERED THAT** plaintiff's state claim under O.R.C. § 4112 is not time-barred.

**So Ordered.**