GAUS, Appellant,

v.

**WESTERVILLE CITY SCHOOL DISTRICT BOARD OF EDUCATION et al., Appellees.**

[Cite as *Gaus v. Westerville City School Dist. Bd. of Edn.* (1994), 99 Ohio App.3d 170.]

Court of Appeals of Ohio,
Franklin County.

No. 94APE07–980.

Decided Dec. 8, 1994.

*Rayl L. Stepter*, for appellant.

*Crabbe, Brown, Jones, Potts & Schmidt* and *John C. Albert*, for appellee Westerville City School District Board of Education and Superintendent Ernest Husarik.

*David T. Roark*, for appellee Grange Mutual Casualty Company.

TYACK, Judge.

On February 23, 1994, Melanne Gaus refiled her lawsuit against the Westerville City School District Board of Education ("Westerville Board of Education"); Ernest Husarik, Superintendent of the Westerville City School District ("Supt. Husarik"); and Grange Mutual Casualty Company ("Grange"). The lawsuit alleged that Gaus was entitled to recover on theories of sexual discrimination in employment, unlawful discharge, and intentional infliction of emotional distress.

Grange responded with a motion to dismiss for failure to state a claim upon which relief can be granted. The other named defendants responded with similar motions. The Westerville Board of Education and Supt. Husarik also responded with motions for summary judgment.

The original complaint was amended twice, and the motions to dismiss were revised to ask for dismissal for the respective amended complaints.

The trial judge assigned to the case dismissed the sexual-discrimination-in-employment claim because he found the statute of limitations had expired. The judge granted the dismissal claim for wrongful discharge as to Grange because Grange was not Gaus's employer and as to Westerville Board of Education and Supt. Husarik because the discharge was for just cause. Finally, the trial judge dismissed the intentional infliction of emotional distress claim because the con-

duct of Westerville Board of Education and Supt. Husarik was not so extreme or outrageous as to qualify for liability pursuant to *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666.

Gaus has appealed, assigning two errors for our consideration:

"I. The trial court erred in sustaining defendant-appellee's motion to dismiss because the statute of limitations for plaintiff-appellant's claim under R.C. 4112.99 had not expired.

"II. The trial court erred in sustaining defendant-appellee's motion to dismiss because dismissal extinguished a vested right."

■ The first assignment of error asserts that the trial court erred in finding the statute of limitations had expired. Subsequent to the trial court's ruling, the Supreme Court of Ohio decided *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.* (1994), 70 Ohio St.3d 281, 638 N.E.2d 991. The syllabus for the *Cosgrove* case reads:

"R.C. 4112.99 is a remedial statute, and is thus subject to R.C. 2305.07's six-year statute of limitations."

A six-year statute of limitations would not bar Gaus's claim, which arose in 1991.

■ Appellees Westerville Board of Education and Supt. Husarik argue that the trial court reached the right result as to the sexual-discrimination-in-employment claim, but that the result was correct for other reasons. These appellees suggest that judgment on their behalf was correct because Gaus was terminated for reasons which had nothing to do with her sex.

The three complaints filed on behalf of Gaus all allege that Gaus was terminated by the Westerville Board of Education following notice from Grange, which insured the board's vehicles, that Grange would no longer insure Gaus as a school bus driver. Grange's decision was based upon the undisputed fact that Gaus had been found guilty of a number of moving violations, resulting in her acquiring eight points on her Ohio driver's license. Another employee of the Westerville Board of Education, one Richard Miller, was also deemed uninsured for similar reasons.

Miller, according to the second amended complaint, contacted Grange and was able to convince Grange to continue him on the insurance coverage. Grange did not agree to continue Gaus on the coverage. As a result, Gaus was fired, but Miller's employment was continued.

The trial court expressly found that Gaus had been terminated for just cause. That finding is fully supported by the record below. R.C. 3327.09 requires school districts to acquire motor vehicle liability insurance for employees who operate a school bus. The driving record of Gaus reveals not only that she had four moving

violations in less than two years, but also that her driver's license was suspended effective December 21, 1990 for a period of ninety days. On the same date, she received a financial responsibility suspension for two years. Under these circumstances, Grange was fully within its rights to refuse insurance coverage for Gaus, and the Westerville Board of Education and Supt. Husarik were within their rights to terminate Gaus's employment as a school bus driver.

As a result, the mistake of the trial court in applying the wrong statute of limitations is not prejudicial. The first assignment of error is, therefore, overruled.

The second assignment of error is closely tied to the first assignment of error. The argument set forth under the second assignment of error is that if the Supreme Court of Ohio had found the applicable statute of limitations to be one year, then that ruling could not be applied to Gaus's claim so as to extinguish her claim. However, the Supreme Court of Ohio mandated a six-year statute of limitations. That court's ruling did not extinguish Gaus's claim. Instead, the claim fails for the reasons set forth above.

The second assignment of error is overruled.

Both assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CLOSE and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.