**Gregory HARRISON, Plaintiff–Appellant,**

**v.**

**CITY OF AKRON; Joseph Forgach; Michael Caprez; Edward Irvine, Defendants–Appellees.**

**No. 01–3519.**

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2002.

Before MOORE and GILMAN, Circuit Judges; ROSEN, District Judge.*

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of

Gregory Harrison, an Ohio resident proceeding pro se, appeals the district court order granting summary judgment to the defendants in this employment discrimination case. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and declaratory relief, Harrison sued the City of Akron, Ohio, Mayor Joseph Forgach, Sergeant Michael Caprez, and Chief of Police Edward Irvine. Harrison, an African–American police officer with the Akron Police Department (APD), alleged that the defendants: (1) discriminated against him on the basis of race in violation of 42 U.S.C. §§ 1981 and 1983 and Ohio Rev.Code § 4112; (2) retaliated against him for engaging in protected activity in violation of Ohio Rev.Code § 4112; and (3) retaliated against him for exercising his First Amendment rights in violation of 42 U.S.C. § 1983. After a period of discovery, the defendants moved for summary judgment. The district court granted the motion, and Harrison brought this appeal. The district court granted the motion, holding that the applicable statutes of limitations barred many of Harrison's claims and that his claims failed on the merits.

In his timely appeal, Harrison argues that: (1) his claims were timely because the defendants' actions constituted a continual pattern of discrimination; (2) he presented issues of material fact precluding summary judgment on the question of a prima facie case of discrimination; and (3) the defendants did not submit any evidence to refute his retaliation allegations.

This court reviews an order granting summary judgment de novo. *Holloway v.*

Michigan, sitting by designation.

*Brush,* 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we conclude that the district court properly granted summary judgment to the defendants. Although we disagree with the district court's resolution of the statute of limitations issue, we affirm the district court's decision because we agree that Harrison failed to present sufficient proof that the defendants discriminated against him because of his race or retaliated against him for engaging in protected activity.

■ The district court properly analyzed the statute of limitations with regard to Harrison's federal claims, but improperly held that Harrison's state law claims were barred by the statute of limitations. Harrison began working for the APD in 1992. He alleged that since he has worked there the defendants have discriminated and retaliated against him by disciplining him, investigating him, ordering him to be evaluated for fitness of duty, and discouraging him from applying for more desirable positions. Harrison expressed his views on racial issues involving the APD both through internal correspondence and by contacting the media. The APD brought three formal disciplinary actions against Harrison, one in 1995 (the "roll call" incident), one in September 1997 (the "patrol car" incident), and one in March 1999 (the "Salvation Army" incident). Because Harrison filed suit on November 27, 1999, his federal claims arising before November 27, 1997, were barred by the stat-

ute of limitations. *See* Ohio Rev.Code § 2305.10; *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660–62, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987) (§ 1981); *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (§ 1983).

■ Harrison's state law claims, on the other hand, were timely. Although Title VII requires a party to file a civil action within ninety days of receiving a right-to-sue letter, *see* 42 U.S.C. § 2000e–5(f)(1); *Truitt v. County of Wayne,* 148 F.3d 644, 647 (6th Cir.1998), Ohio law does not. A discrimination claimant may pursue a civil cause of action without first exhausting his administrative remedies. Ohio Rev.Code § 4112.99; *Elek v. Huntington Nat'l Bank,* 60 Ohio St.3d 135, 573 N.E.2d 1056, 1057–58 (Ohio 1991); *Carney v. Cleveland Heights–Univ. Heights City Sch. Dist.,* 143 Ohio App.3d 415, 758 N.E.2d 234, 243 (Ohio Ct.App.2001). Moreover, the statute of limitations for bringing a lawsuit under § 4112 is six years. *See* Ohio Rev.Code §§ 2305.07, 4112.99; *Cosgrove v. Williamsburg of Cincinnati Mgmt. Co.,* 70 Ohio St.3d 281, 638 N.E.2d 991, 992 (Ohio 1994). Because all of his allegations involve events occurring less than six years before he filed his federal complaint, his claims were timely under Ohio law.

The district court properly granted summary judgment to the defendants on the merits of Harrison's claims. The burden-shifting format from *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), applies to Harrison's federal and state law discrimination claims. *See Patterson v. McClean Credit Union,* 491 U.S. 164, 186, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), *overruled in part on other grounds by* The Civil Rights Act of 1991 § 101, 42 U.S.C. § 1981; *Little Forest Med. Ctr. of Akron v. Ohio Civil Rights Comm'n,* 61 Ohio St.3d 607, 575 N.E.2d 1164, 1167–68

(Ohio 1991). It is undisputed that Harrison is a member of a protected class and qualified for his position. The elements of the prima facie case at issue are whether Harrison suffered an adverse employment action and whether a comparable non-protected person was treated better. *See Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582–83 (6th Cir.1992).

■ Psychological examinations and internal investigations are not adverse actions. *Benningfield v. City of Houston,* 157 F.3d 369, 376 (5th Cir.1998). Accordingly, the two fitness for duty exams and the Salvation Army investigation do not qualify. In addition, being informed that he was ineligible to apply for the positions of sergeant or DARE officer are not adverse actions, either. The DARE position would not have meant an increase in pay, a more distinguished title, increased benefits, or significantly increased responsibilities. *See Hollins v. Atlantic Co.,* 188 F.3d 652, 662 (6th Cir.1999). Moreover, Harrison did not apply for either position, and did not show that applying would have been futile. *See Int'l Bhd. of Teamsters v. United States,* 431 U.S. 324, 365–66, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977); *Kreuzer v. Brown,* 128 F.3d 359, 364 n. 2 (6th Cir.1997).

■ As for the four-hour suspension and restitution imposed for the patrol car incident, Harrison did not show that a comparable white employee was treated more favorably. *See Pierce v. Commonwealth Life Ins. Co.,* 40 F.3d 796, 802 (6th Cir.1994); *Mitchell,* 964 F.2d at 582–83. The example he offered was a white officer who was suspended for forty-five days for doing considerably more damage to a police car. The other officer's more severe penalty does not show that Harrison was treated less favorably on account of his race.

Finally, even assuming Harrison established a prima facie case, the defendants articulated legitimate, non-discriminatory reasons for evaluating, investigating, and disciplining him, and Harrison did not show that the articulated reasons were mere pretexts for discrimination. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Each of the defendants' acts was precipitated by questionable behavior on Harrison's part, and Harrison rejected the defendants' offers to keep the discipline in-house. Harrison did not meet his ultimate burden of demonstrating that the defendants discriminated against him. *See id.* at 254–55, 101 S.Ct. 1089.

We also conclude that the district court properly granted summary judgment to the defendants on Harrison's retaliation claims. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000); *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). Assuming Harrison engaged in protected conduct, he cannot establish a causal link between his protected conduct and any adverse actions. Harrison's list of protected activity begins on September 23, 1997. The only allegedly adverse action identified by Harrison taken after this date was the investigation into the Salvation Army incident in 1999. As indicated above, internal investigations are not adverse employment actions. *See Benningfield*, 157 F.3d at 376.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.