{¶ 18} I respectfully dissent in part because I do not believe a 180 day statute of limitations applies to Jones's retaliation claim.
 {¶ 19} The majority classifies Jones's retaliation claim as a claim brought pursuant to R.C. 4112.02(N); however, a retaliation claim under R.C. 4112.02 is brought under R.C. 4112.02(I), not R.C. 4112.02(N). R.C. § 4112.02(I) makes it unlawful:
 {¶ 20} "[F]or any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code."
 {¶ 21} Although (N), which provides a remedy for plaintiffs who have been discriminated against based on age, expressly sets forth a 180 day statute of limitations, (I), which provides a remedy to employees who have been retaliated against for opposing discriminatory practices, does not. These are two different claims, requiring different evidence for setting forth a prima facie case. Notably, none of the other provisions in R.C. 4112.02
sets forth a 180 day statute of limitations. The majority's reading of the statute not only applies a 180 day statute of limitation to retaliation claims, but also to claims for sexual, religious, handicap, and race discrimination, which are all contained within R.C. 4112.02. I do not read the statute of limitation provision in provision of R.C 4112.02(N), which applies solely to age discrimination, to apply to every section contained within R.C. 4112.02.
 {¶ 22} In fact, the Ohio Supreme Court held claims brought pursuant to Chapter 4112, under provisions which do not contain their own statute of limitations, have a six-year statute of limitations. Cosgrove v. Williamsburg of Cincinnati Mgmt. Co.,70 Ohio St.3d 281, 1994-Ohio-295. In that case, the court of appeals applied a 180 day statute of limitations to the plaintiff's Chapter 4112 claims. The Supreme Court, in finding a six-year statute of limitations applied, ignored the 180 day statute of limitations set forth in the age discrimination section and instead cited the language set forth in R.C. 4112.99. R.C. 4112.99 states: "Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any appropriate relief." The Court held, "R.C. 4112.99 is a remedial statute, and is thus subject to R.C. 2305.07's six-year statute of limitations." Id. at syllabus.
 {¶ 23} Thus, because I find Jones's statutory retaliation claim is subject to a six-year statute of limitations, I would reverse and remand the matter,